MICHAEL ST. DENIS PROFESSIONAL CORPORATION
Michael St. Denis (CA Bar No. 147952)
500 Silver Spur Road, Suite 204
Rancho Palos Verdes, California 90275
Telephone:  (310) 378-4700
Facsimile:  (310) 378-8722
Email:  mike@mikestdenislaw.com

THE MARBURY LAW GROUP, PLLC
Shauna M. Wertheim*, Pro Hac Vice Pending*
Timothy W. Johnson, *Pro Hac Vice Pending*
Joanna L. Cohn, *Pro Hac Vice Pending*
11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
Telephone:  (703) 391-2900
Facsimile:   (703) 391-2901
Email:  swertheim@marburylaw.com
            tjohnson@marburylaw.com
            jcohn@marburylaw.com


Attorneys for Plaintiff DAIMLER AG

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German Corporation, | Case No.: **'16CV0875 JLS  MDD** |
| Plaintiff, | |
| vs. | COMPLAINT |
| A-Z WHEELS LLC, D/B/A USARIM, USARIM.COM, EUROTECH WHEELS, a dissolved California Limited Liability Company, GALAXY WHEELS & TIRES, LLC, a California Limited Liability Company, INFOBAHN INTERNATIONAL, INC. D/B/A | DEMAND FOR JURY TRIAL |

INFOBAHN, EUROTECH, EUROTECH )
LUXURY WHEELS, EUROTECH )
WHEELS, USARIM, a dissolved )
California Corporation, RYAN )
MOALEMI, an individual, RASOOL )
MOALEMI A/K/A RUSS MOALEMI, an )
individual, JOSHUA MOALEMI, an )
individual, and DOES 1–10 inclusive, )
)

_____ Defendants. _____

COMES NOW, Plaintiff DAIMLER AG ("Daimler"), to hereby file its Complaint for Damages and Declaratory Relief ("Complaint") against Defendants A-Z WHEELS LLC d/b/a USARIM, USARIM.COM, and EUROTECH WHEELS, GALAXY WHEELS & TIRES, LLC, INFOBAHN INTERNATIONAL, INC. d/b/a INFOBAHN, EUROTECH, EUROTECH LUXURY WHEELS, EUROTECH WHEELS and USARIM, RYAN MOALEMI, RASOOL MOALEMI a/k/a RUSS MOALEMI, JOSHUA MOALEMI, and DOES 1-10, inclusive (collectively, "Defendants").

## NATURE OF THE ACTION

1.     This is a civil action for trademark infringement, design patent infringement, false advertising, false designation of origin, false representation of fact, unfair competition, passing off and related claims under federal and California State law resulting from: (i) Defendants' use of various trademarks owned by Daimler in connection with the manufacture, offer for sale, sale and distribution of wheels which are not manufactured, authorized or sold by Daimler,

and (ii) Defendants' reproduction, manufacture, offer for sale, sale and distribution of wheels which blatantly copy issued design patents in various distinctive and artistic wheel designs owned by Daimler.

2.     Daimler's claims arise under the United States Trademark Act (Lanham Act of 1946), 15 U.S.C. §§ 1051 *et seq.*, under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, and under California State statutory and common law. As a result of Defendants' acts complained of herein, Daimler seeks permanent injunctive relief and the recovery of actual damages, Defendants' profits, trebled damages, statutory damages, costs, attorneys' fees, and other relief as more fully set forth herein.

## PARTIES

3.     Plaintiff Daimler is a German corporation having a principal place of business at Mercedesstrasse 137, 70327 Stuttgart, Germany.  Daimler is a worldwide producer of premier luxury passenger automotive vehicles and parts therefor, including wheels.

4.     On information and belief, Defendant A-Z Wheels LLC is a California company having its principal place of business at 8925 Carroll Way, Suites C/D, San Diego, CA 92121.  On information and belief, A-Z Wheels LLC does business under the names UsaRim, UsaRim.com, and Eurotech Wheels.

5.      On information and belief, Defendant Galaxy Wheels & Tires, LLC is a California corporation with its principal place of business at 8925 Carroll Way, Suites C/D, San Diego, CA 92121.

6.      On information and belief, Defendant Infobahn International, Inc. is a dissolved California corporation which remains operating and having its principal place of business at 8925 Carroll Way, Suites C/D, San Diego, CA 92121 and 8325 Carroll Way, Suites C/D, San Diego, CA 92121.  Ryan C. Moalemi is, or at relevant times was, an officer of Infobahn International, Inc., with an address at 8925 Carroll Way, Suite C, San Diego, CA 92121.  On information and belief, Infobahn International Inc. does business as Infobahn, Eurotech, Eurotech Luxury Wheels, Eurotech Wheels and UsaRim.

7.      A-Z Wheels LLC d/b/a USARim, USARim.com, and Eurotech Wheels, Galaxy Wheels & Tires, LLC, and Infobahn International, Inc. d/b/a Infobahn, Eurotech, Eurotech Luxury Wheels, Eurotech Wheels and UsaRim, are collectively referred to herein as the "Corporate Defendants."

8.      On information and belief, Defendant Ryan Moalemi is a principal or managing agent of one or more of the Corporate Defendants.  On information and belief, Ryan Moalemi resides at 1325 Pacific Highway, Unit 108, San Diego, California 92101, and is a dominant and active force behind the wrongful acts complained of herein by one or more of the Corporate Defendants.

9.      On information and belief, Defendant Rasool Moalemi, also known as Russ Moalemi, is a principal or managing agent of one or more of the Corporate Defendants. On information and belief, Rasool Moalemi resides at 6364 El Sicomoro Street, Rancho Santa Fe, California 92067 and is a dominant and active force behind the wrongful acts complained of herein by one or more of the Corporate Defendants.

10.     On information and belief, Defendant Joshua Moalemi is a principal or managing agent of one or more of the Corporate Defendants.  On information and belief, Joshua Moalemi resides at 6364 El Sicomoro Street, Rancho Santa Fe, California 92067 and is a dominant and active force behind the wrongful acts complained of herein.

11.     Defendants Ryan Moalemi, Rasool Moalemi, and Joshua Moalemi are collectively referred to herein as the "Individual Defendants."

12.     Plaintiff Daimler does not know the true names of the defendants DOES 1–10, and thus names said defendants fictitiously.  Defendants DOES 1–10 are entities or individuals residing and/or present in this Judicial District, and therefore, subject to the jurisdiction of this Court, and include, but are not limited to, principals or managing agents of the named Corporate Defendants who are dominant and active forces behind the wrongful acts complained of herein, suppliers of the Corporate Defendants and/or Individual Defendants, or other

entities or individuals who are manufacturing, offering for sale, selling, or distributing counterfeit and other goods so as to participate in the acts of infringement alleged herein (collectively referred to herein as "DOE Defendants"). The identities of the various DOE Defendants are unknown to Plaintiff at this time. Daimler will amend this Complaint to substitute the true names of the DOE Defendants as they are discovered. Corporate Defendants, Individual Defendants, and DOE Defendants are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), 1367 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Daimler's state and common law claims pursuant to 28 U.S.C. § 1367(a).

14.    This Court has personal jurisdiction over the Defendants as residents of this judicial district. Defendants' residency is based on the Corporate Defendants' principal place(s) of business, and the domicile(s) of the Individual Defendants, within the State of California. In addition, Defendants market, distribute, and/or sell infringing products throughout the United States, including to customers within this judicial district.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

# FACTUAL BACKGROUND

## Daimler and its Famous Brands

16.     Daimler is a world-renowned designer and manufacturer of premier luxury passenger automotive vehicles and parts therefor, including wheels. Daimler and/or its predecessors in interest have designed and manufactured vehicles since 1886, and since 1926, have produced and sold worldwide, including in the United States through its wholly-owned United States subsidiaries, its vehicles and related parts under the distinctive Mercedes-Benz brand.  For almost 90 years, the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide, including in the United States.

17.     The Mercedes-Benz brand stands for supreme excellence in terms of products, technology and services.   In Fiscal Years 2013 and 2014 alone, Daimler's wholly owned subsidiaries sold 663,000 Mercedes Benz vehicles in the U.S.[1]  In 2015, Forbes ranked the Mercedes-Benz brand 24th among the world's most valuable brands.[2]

## Daimler's Trademarks

18.     Since at least 1926, Daimler and/or its predecessors in interest have continuously and extensively employed the word mark MERCEDES-BENZ in

---

[1] https://www.daimler.com/company/business-units/mercedes-benz-cars/
[2] http://www.forbes.com/companies/mercedes-benz/

connection with advertising and selling luxury vehicles and/or related goods or services. Daimler and/or its predecessors in interest have also continuously and extensively employed one or more of the following marks displaying a three-point design in connection with advertising and selling Mercedes-Benz vehicles and/or related goods and services since at least 1909 (the three-point star designs) and 1926 (the three-point star design inside the wreath):



19.     The foregoing marks addressed above are collectively referred to herein as the "Mercedes-Benz Marks."

20.     For the past decade, Daimler has also owned AMG, the world-famous high performance division of Mercedes-Benz, which has sold to customers under "AMG" word and word-plus-design marks since 1967.

21.     Daimler owns federal trademark and service mark registrations across numerous categories of goods and services, including in Class 12. Specifically, Daimler owns all rights, title and interest in the below federally registered trademarks in Class 12, for which true and correct copies of the

registration certificates, and any applicable renewals and/or assignments are attached hereto as sub-parts of **Exhibits 1–18**:

| Mark | U.S. Reg. No. | Cl. 12 Description of Goods (relevant portion) |
|---|---|---|
| **MERCEDES-BENZ** (Ex. 1) | 657,386 | Automobiles . . . and parts thereof. |
| **MERCEDES-BENZ GENUINEPARTS** (Ex. 2) | 3,259,691 | Wheels |
| (Ex. 3) | 285,557 | Wheels |
| (Ex. 4) | 3,614,891 | Motor vehicles, namely, automobiles, trucks, vans, sport utility vehicles, buses, motorcycles and motor homes, and structural parts therefor; . . . automobile parts, namely, wheels . . . . |

| Mark | U.S. Reg. No. | Cl. 12 Description of Goods (relevant portion) |
|---|---|---|
| (Ex. 5) | 4,423,458 | Land vehicles and their structural parts; apparatus for locomotion by land, namely, automobiles, trucks, vans, sport utility vehicles . . . ; parts for vehicles and engines, namely. . . .  wheels . . . . |
| **AMG** (Ex. 6) | 1,660,727 | Automobiles and structural parts therefor |
| AMG (Ex. 7) | 3,305,055 | Automobiles, passenger cars, and structural parts therefor |
| AMG (Ex. 8) | 1,807,353 | Automobiles and structural parts therefor |
| **ML** (Ex. 9) | 2,837,833 | Motor vehicles, namely, automobiles, sports utility vehicles, and structural parts therefor |
| **SL** (Ex. 10) | 2,831,095 | Automobiles and structural parts therefor |
| **MERCÉDÈS** (Ex. 11) | 41,127 | Motor-Cars |

| Mark | U.S. Reg. No. | Cl. 12 Description of Goods (relevant portion) |
|------|---------------|-----------------------------------------------|
| **SL 63** (Ex. 12) | 2,909,827 | Automobiles and parts thereof |
| **CLS** (Ex. 13) | 2,529,332 | Automobiles and structural parts therefor |
| **CLS 500** (Ex. 14) | 4,076,271 | Automobiles and structural parts therefor |
| **CLS 550** (Ex. 15) | 3,224,584 | Automobiles and structural parts therefor |
| **CLS 63** (Ex. 16) | 3,039,265 | Motor vehicles, namely, automobiles and their structural parts |
| **S-CLASS** (Ex. 17) | 2,716,842 | Automobiles |
| **S 550** (Ex. 18) | 2,654,240 | Automobiles and structural parts therof |

22.   The above-referenced registered and common law marks are hereinafter collectively referred to as the "DAIMLER Marks."

23.   Daimler's use in commerce of the DAIMLER Marks started prior to any use thereof that may be claimed by Defendants.

24.    Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Daimler's federal registration certificates of the DAIMLER Marks are *prima facie* evidence of their validity.

25.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the mark "MERCEDES-BENZ" (U.S. Reg. No. 657,386) has become incontestable. A copy of the USPTO Trademark Status and Document Retrieval (TSDR) status page showing acknowledgment of incontestability under Section 15 for U.S. Reg. No. 657,386 is attached hereto as **Exhibit 1d**.

26.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the AMG & Design mark (U.S. Reg. No. 1,807,353) has become incontestable.  A copy of the USPTO TSDR status page showing acknowledgment of incontestability under Section 15 for U.S. Reg. No. 1,807,353 is attached hereto as **Exhibit 8d**.

27.    Pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, the marks for "AMG" (U.S. Reg. No. 1,660,727), "ML" (U.S. Reg. No 2,837,833), "SL" (U.S. Reg. No. 2,831,095), "CLS 550" (U.S. Reg. No. 3,224,584), and "S-CLASS" (U.S. Reg. No. 2,716,842) have become incontestable.  Copies of the notices acknowledging the incontestability of these marks, available through the TSDR website, are respectively attached hereto as sub-part (d) in **Exhibits 6, 9, 10, 15, and 17**.

28.     Based on their incontestability, the federal registrations of the AMG & Design mark and the word marks for "MERCEDES-BENZ," "AMG," "ML," "SL," "CLS 550," and "S-CLASS" are conclusive evidence of Daimler's exclusive rights to use them in commerce in connection with automobiles and parts thereof.

29.     Over the past many years, Daimler, Daimler's predecessors in interest, and/or their affiliates, have spent many millions of dollars establishing the DAIMLER Marks in the minds of its customers and the general public, and establishing itself as a source of high quality vehicles, parts and accessories. Indeed, substantial amounts of time, money and effort have been expended over the years in ensuring that the public associates the DAIMLER Marks exclusively with Daimler.

30.     As a direct result of Daimler's extensive use and promotion of the DAIMLER Marks, Daimler has established the DAIMLER Marks as famous and/or well-known distinctive marks among U.S. purchasers of motor vehicles and wheels as well as among the general members of the U.S. public.

31.     The DAIMLER Marks became famous prior to any use thereof by Defendants.

32.     The DAIMLER Marks symbolize the goodwill of Daimler, and have become assets of incalculable value to Daimler.

33.     Daimler has never authorized or consented to any of Defendants' use of the DAIMLER Marks, or any confusingly similar marks by Defendants. Further, Daimler has never authorized Defendants to copy, manufacture, import, market, sell or distribute any products bearing the DAIMLER Marks.

### Daimler's Design Patents

34.     Daimler also owns all rights, title and interest in the following U.S. Design patents:

| Representative View of Claimed Design | U.S. Design Patent No. and Issue Date |
|---|---|
| | D532,733 ("the 'D733 Patent") Issued Nov. 28, 2006 (Ex. 19) |
| | D569,776 ("the 'D776 Patent") Issued May 27, 2008 (Ex. 20) |

| Representative View of Claimed Design | U.S. Design Patent No. and Issue Date |
|---|---|
| | D582,330<br>("the 'D330 Patent")<br><br>Issued Dec. 9, 2008<br><br>(Ex. 21) |
| | D542,211<br>("the 'D211 Patent")<br><br>Issued May 8, 2007<br><br>(Ex. 22) |
| | D618,150<br>("the 'D150 Patent")<br><br>Issued Jun. 22, 2010<br><br>(Ex. 23) |

| Representative View of Claimed Design | U.S. Design Patent No. and Issue Date |
| --- | --- |
| | D638,772<br>("the 'D772 Patent")<br><br>Issued May 31, 2011<br><br>(Ex. 24) |
| | D649,499<br>("the 'D499 Patent")<br><br>Issued Nov. 29, 2011<br><br>(Ex. 25) |

35.    True and correct copies of the foregoing U.S. Design Patents (collectively the "DAIMLER Patents") are respectively attached hereto as **Exhibits 19–25**.

36.    Daimler and/or its predecessors in interest have expended much effort and resources to create the original artistic and ornamental designs claimed in various the DAIMLER Patents.

37.     The 'D330 Patent, the 'D150 Patent, the 'D772 Patent, and the 'D499 Patent are assigned to Daimler, as shown on the face of the patents.

38.     An assignment to Daimler of the 'D211 Patent and the 'D733 Patent, and the applications that issued as the 'D776 Patent from its predecessor company, DaimlerChrysler AG, the original assignee, is recorded at Reel/Frame No. 20986/1.  Copies of the Abstracts of Title for the 'D733 Patent, the 'D776 Patent, and the 'D211 Patent,  are respectively attached hereto as **Exhibits 26–28**.

39.     Daimler is the sole and exclusive owner of foregoing design patents (hereinafter collectively referred to as the "DAIMLER Patents").

**Defendants' Wrongful and Infringing Conduct**

40.     Defendants have operated and continue to operate a website on the Internet at www.usarim.com, through which they advertise, offer for sale, and/or sell automotive wheels.  Among these wheels advertised, offered for sale, and/or sold through www.usarim.com are the following (collectively the "Accused Products"):

a.  MBZ-570-17-CHR - "17 Inch Chrome Mercedes Benz Wheels Rims" (the "17-CHR Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 17-CHR Wheel (https://www.usarim.com/17-inch-mercedes-benz-

chrome-wheels-rims) is attached hereto as **Exhibit 29a** (visited on Feb. 9, 2016).

b. MBZ-525-18-GMT - "18 Inch Machine Faced/Gunmetal Mercedes AMG Replica Wheels Rims" (the "Gunmetal 18-GMT Wheel"). A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the Gunmetal 18-GMT Wheel (https://www.usarim.com/18-inch-amg-replica-wheels-fits-mercedes-benz-gl-glk-ml/) is attached hereto as **Exhibit 29b** (visited on Feb. 9, 2016).

c. MBZ-525-22-CHR - "22 Inch Mercedes Benz AMG Chrome Wheels Rims" (the "22-CHR Wheel"). A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 22-CHR Wheel (https://www.usarim.com/22-inch-mercedes-benz-amg-chrome-wheels-rims/) is attached hereto as **Exhibit 29c** (visited on Feb. 9, 2016).

d. MBZ-540-18-GMT - "18 Inch Silver Mercedes AMG Replica Wheels Rims" (the "Silver 18-GMT Wheel"). A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the Silver 18-GMT Wheel (https://www.usarim.com/18-inch-mercedes-benz-wheels-rims-fits-amg-models-c63-e350-cla45-

cla250-s500/) is attached hereto as **Exhibit 29d** (visited on Feb. 9, 2016).

e. MBZ-540-18-SLV - "18 Inch Silver Mercedes AMG Replica Wheels Rims" (the "18-SLV Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 18-SLV Wheel (https://www.usarim.com/18-inch-mercedes-benz-wheels-rims-fit-amg-c-cl-clk-cls-e-s-sl-class/) is attached hereto as **Exhibit 29e** (visited on Feb. 9, 2016).

f. MBZ-610-20-MB - "20 Inch Mercedes Benz C CL CLK E ML S SL R AMG Black Wheels Rims" (the "20-MB Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-MB Wheel (https://www.usarim.com/20-inch-mercedes-benz-c-cl-clk-e-ml-s-sl-r-amg-black-wheels-rims/) is attached hereto as **Exhibit 29f** (visited on Feb. 9, 2016).

g. MBZ-610-20-CHR - "20 Inch Mercedes AMG Style E350 E500 E550 E63 AMG Chrome Rims" (the "Chrome 20-CHR Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the Chrome 20-CHR Wheel (https://www.usarim.com/20-inch-mercedes-amg-style-e350-e500-

e550-e63-amg-chrome-rims/) is attached hereto as **Exhibit 29g** (visited on Feb. 9, 2016).

h.  MBZ-610-20-GMT - "20 Inch Mercedes AMG Gunmetal Wheels Rims" (the "20-GMT Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-GMT Wheel (https://www.usarim.com/20-inch-mercedes-benz-amg-gunmetal-wheels-rims/) is attached hereto as **Exhibit 29h** (visited on Feb. 9, 2016).

i.  MBZ-610-19-GMT-TIRES - "19 inch Mercedes Benz AMG Replica Wheels & Tires" (the "19-GMT-TIRES Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 19-GMT-TIRES Wheel (https://www.usarim.com/19-inch-mercedes-benz-amg-replica-wheels-tires/) is attached hereto as **Exhibit 29i** (visited on Feb. 9, 2016).

j.  MBZ-610-20-CHR-TIRES - "20 Inch Chrome AMG Wheel Rims & Tires" (the "20-CHR-TIRES Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-CHR-TIRES Wheel (https://www.usarim.com/20-inch-chrome-amg-wheels-rims-tires/) is attached hereto as **Exhibit 29j** (visited on Feb. 9, 2016).

k.  MBZ-555-20-GMT - "20 Inch Mercedes Benz CLS CLS500 CLS550 CLS63 AMG Rims" (the "20-AMG Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-AMG Wheel (https://www.usarim.com/20-inch-mercedes-benz-cls-cls500-cls550-cls63-amg-rims/) is attached hereto as **Exhibit 29k** (visited on Feb. 9, 2016).

l.  MBZ-555-20-CHR-TIRES - "20 inch Mercedes Benz AMG chrome wheels and tire package S Class S550" (the "20-CHR-TIRES Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-CHR-TIRES Wheel (https://www.usarim.com/20-inch-mercedes-benz-amg-chrome-wheels-and-tire-package-s-class-s550/) is attached hereto as **Exhibit 29l** (visited on Feb. 9, 2016).

m.  MBZ-555-20-CHR - "20 inch Chrome Mercedes Benz wheels rims" (the "20-CHR Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 20-CHR Wheel (https://www.usarim.com/20-inch-chrome-mercedes-benz-wheels-rims/) is attached hereto as **Exhibit 29m** (visited on Feb. 9, 2016).

n. MBZ-554-18-GMT - "18 Inch Machined Face/Gunmetal Mercedes Benz AMG Style Wheels" (the "18-GMT Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 18-GMT Wheel (https://www.usarim.com/20-inch-chrome-mercedes-benz-wheels-rims/) is attached hereto as **Exhibit 29n** (visited on Feb. 9, 2016).

o. MBZ-522-20-GMT - "20 Inch AMG Style Wheels Rims Gunmetal Finish" (the "Gunmetal 20-GMT Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the Gunmetal 20-GMT Wheel (https://www.usarim.com/20-inch-amg-style-wheels-rims-gunmetal-finish/) is attached hereto as **Exhibit 29o** (visited on Feb. 9, 2016).

p. MBZ-553-19-GMT - "19 Inch Machine Faced/Gunmetal Mercedes Wheels Rims" (the "19-GMT Wheel").  A screenshot of the direct webpage through which Defendants advertise, offer for sale, and/or sell the 19-GMT Wheel (https://www.usarim.com/19-inch-mercedes-wheels-fits-amg-non-amg-models/) is attached hereto as **Exhibit 29p** (visited on Feb. 12, 2016).

41.   Defendants boast on the www.usarim.com website:  "Some of our wholesale partners include . . . Mercedes Benz . . . factory dealers."  In fact, there

is no relationship between Daimler and Defendants.  Further, Daimler has not authorized Defendants to conduct any business on its behalf or to sell any Daimler products.

42.    Defendants reproduce, manufacture, offer for sale, sell and/or distribute wheels which blatantly copy the designs claimed in the DAIMLER Patents.

43.    Daimler lacks any control over the wheels that are manufactured, reproduced, offered for sale, sold and distributed by or on behalf of Defendants in association with the DAIMLER Marks.  Accordingly, Daimler has no control over the quality of such wheels, and whether such wheels have the potential to cause great physical injury to persons who drive automobiles utilizing such parts and to other persons and property nearby.

44.    Defendants also offer for sale and sell such products, through various other channels, including Amazon.com and eBay.com.  Defendants engaged in the acts complained of herein on eBay under the username and "USA Rim" and on Amazon.com under the username "UsaRim."

45.    On July 27, 2015, Daimler's investigator purchased a set of four 20-AMG Wheels through the corresponding sale webpage (*see* Ex. 29k) for a total cost of $831.60.  On July 27, 2015, Daimler's investigator also purchased a set of

four 19-GMT Wheels through the corresponding sale webpage (*see* Ex. 29p) for a total cost of $858.60.

46.   As shown in the documentation of purchase orders and the corresponding deliveries, attached hereto as **Exhibit 30**, the purchased sets of 20-AMG Wheels and 19-GMT Wheels were both shipped from Galaxy Wheels & Tire, 8925 Carroll Way, San Diego, CA 92121.   The Galaxy Wheels & Tire facility that shipped the purchased Accused Products is owned or otherwise controlled by Defendants.

47.   The purchased 20-AMG Wheels were all inspected to verify that they were not manufactured or authorized by Daimler, its subsidiaries, or licensees. The inspection of the purchased items confirmed that they are, in fact, counterfeit products based on Defendants' use of at least one DAIMLER Mark in connection with their advertisement, offer for sale, and/or sale. The 20-AMG Wheel embodies the design of the 'D150 Patent, as demonstrated by photographs of the purchased 20-AMG Wheels attached hereto as **Exhibit 31**, as well as the pictures on the corresponding sale webpage (*see* Ex. 29k).

48.   The purchased 19-GMT Wheels were all inspected to verify that they were not manufactured or authorized by Daimler, its subsidiaries, or licensees. The inspection of the purchased items confirmed that they are, in fact, counterfeit products based on Defendants' use of at least one DAIMLER Mark in connection

with their advertisement, offer for sale, and/or sale., as demonstrated photographs of the purchased 19-GMT Wheels attached hereto as **<u>Exhibit 32</u>**, as well as the pictures on the corresponding sale webpage (*see* Ex. 29p).

49.    The 17-CHR Wheel embodies the design of the 'D733 Patent, as demonstrated by the pictures on the corresponding sale webpage (*see* Ex. 29a).

50.    The Gunmetal 18-GMT Wheel and the 22-CHR Wheel, embody the design of the 'D776 Patent, as demonstrated by the pictures on the corresponding sale webpages (*see* Exs. 29b and 29c).

51.    The Silver 18-GMT Wheel and the 18-SLV Wheel embody the design of the 'D330 Patent, as demonstrated by the pictures on the corresponding sale webpages (*see* Exs. 29d and 29e).

52.    The 20-MB Wheel, Chrome 20-CHR Wheel, 20-GMT Wheel, 20-GMT-TIRES Wheel, 18-MB Wheel, and 20-CHR-TIRES Wheel each embody the design of the 'D211 Patent, as demonstrated by the pictures on the corresponding sale webpages (*see* Exs. 29f – 29j).

53.    The 20-CHR-TIRES Wheel, and the 20-CHR Wheel embody the design of the 'D150 Patent, as demonstrated by the pictures on the corresponding sale webpages (*see* Exs. 29l and 29m).

54.    The 18-GMT Wheel embodies the design of the 'D772 Patent, as demonstrated by the pictures on the corresponding sale webpage (*see* Ex. 29n).

55.   The Gunmetal 20-GMT Wheel embodies the design of the 'D499 Patent, as demonstrated by the pictures on the corresponding sale webpage (*see* Ex. 29o).

56.   On information and belief, in addition to offering the Accused Products for sale, Defendants have actually sold each of the Accused Products to consumers through the www.usarim.com website and the sale webpages thereof.

57.   By the sales of the 20-AMG Wheels, the direct webpages for the Accused Products, and other channels, Defendants are using marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the DAIMLER Marks, to sell and offer for sale unauthorized products that bear a substantially similar design to one of the DAIMLER Patents.

58.   By the sales of the 19-GMT Wheels, the direct webpages for the Accused Products, and other channels, Defendants are using marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the DAIMLER Marks, to sell and offer for sale unauthorized products.

59.   Defendants' conduct as alleged herein began long after Daimler's adoption and use of the DAIMLER Marks and DAIMLER Patents, after Daimler obtained the trademark and patent registrations alleged above, and after the DAIMLER Marks became famous.

60.     Pursuant to 35 U.S.C. § 287, this Complaint provides Defendants with actual notice of the DAIMLER Patents.

61.     Defendants have actual knowledge of Daimler's use of and rights in the DAIMLER Marks and/or DAIMLER Patents. Through its www.usarim.com website, Defendants are willfully infringing upon Daimler's rights in order to capitalize upon and profit from Daimler's reputation and goodwill.

62.     Neither Daimler nor any authorized agent of Daimler's has consented to Defendants' use of the DAIMLER Marks or DAIMLER Patents in the manner alleged herein.

63.     Defendants' conduct as alleged herein has been willful, wanton, and in bad faith, and with the intent to dilute the DAIMLER Marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the course, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.  By their wrongful conduct, Defendants have traded upon and diminished Daimler's goodwill.

64.     As a result of the Defendants' unlawful infringing activities, Daimler has suffered irreparable harm, and, unless Defendants are enjoined by this Court, will continue to suffer irreparable harm for which there is no adequate remedy at law.

# COUNT I
## Federal Trademark Infringement and Counterfeiting
### (Lanham Act Sections 32(1) & 35, 15 U.S.C. §§ 1114(1) & 1117)

65.    Daimler realleges and incorporates herein by reference the allegations set forth above.

66.    Defendants' use of the registered DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of wheels through www.usarim.com is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of Defendants' products.

67.    Defendants' advertisements and/or offers for sale using marks and/or designations that are identical or substantially the same as the DAIMLER Marks for products that are not affiliated with, sponsored by, or authorized by Daimler, constitutes trademark counterfeiting.

68.    Defendants' actions as alleged herein constitute use in commerce of reproductions, copies, or colorable imitations of the registered DAIMLER Marks in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

69.    Defendants' actions as alleged herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in the registered DAIMLER Marks with intent to trade off Daimler's vast goodwill in its marks.

70.    As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

71.    Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' use of counterfeit marks in the advertisement and/or offer for sale of wheels.  Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

72.    Defendants' continued and knowing use of the registered DAIMLER Marks without Daimler's consent or authorization as alleged herein constitutes intentional infringement of Daimler's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.   Based on such conduct, Daimler is entitled to injunctive relief as well as monetary damages, and other remedies provided by 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

73.    Each and every separate act of federal trademark infringement and/or counterfeiting as alleged herein constitutes a separate claim.

## COUNT II
## Federal Unfair Competition and False Designation of Origin
### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

74.    Daimler realleges and incorporates herein by reference the allegations set forth above.

75.    Defendants' unauthorized use of the DAIMLER Marks in connection with the advertisement, offer for sale, and/or sale of the Accused Products through the webpages of www.usarim.com falsely designates, describes or represents the Accused Products, and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of the Accused Products with Daimler, or as to the sponsorship or approval of said products by Daimler.

76.    Defendants' actions as alleged herein have diminished the goodwill in the DAIMLER Marks which Daimler has built up at great labor and expense.

77.    Defendants' actions as alleged herein constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.    Defendants' actions as alleged herein with respect to the DAIMLER Marks are likely to cause Daimler to suffer economic harm and/or are likely to result in unjust enrichment to Defendants.

79.   Defendants' actions as alleged herein with respect to the DAIMLER Marks have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Daimler's rights in its marks.

80.   As a result of the foregoing alleged actions of Defendants, Daimler has been injured and damaged.   Unless Defendants are enjoined from the foregoing Daimler will continue to suffer injury and damage.

81.   Based on Defendants' wrongful conduct, Daimler is entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

82.   Daimler further requests the court to issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Daimler.

83.   Each and every act of federal unfair competition and/or false designation of origin as alleged herein constitutes a separate claim.

### COUNT III
### Trademark Dilution
### (Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

84.   Daimler realleges and incorporates herein by reference the allegations set forth above.

85.     The DAIMLER Marks are distinctive and famous, and  have been since prior to Defendants' unauthorized uses thereof.

86.     The DAIMLER Marks have powerful consumer associations such that even non-competing uses can impinge on their value.

87.     Defendants' activities as alleged herein have diluted the distinctive quality of the DAIMLER Marks in violation of 15 U.S.C. § 1125(c).

88.     Defendants willfully intended to trade on Daimler's reputation and/or cause dilution of the DAIMLER Marks, entitling Daimler to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

89.     Defendants' acts have caused and will continue to cause Daimler irreparable harm.  Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

90.     Each and every act of trademark dilution as alleged herein constitutes a separate claim.

91.     Defendants' unlawful actions began long after the DAIMLER Marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Daimler's asserted trademark rights.  Defendants' conduct is willful, wanton and egregious.

92.     Defendants' intentional sale of fake, pirated and counterfeit items bearing Daimler's asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine Daimler products.  The actions of Defendants complained of herein have diluted and will continue to dilute the DAIMLER Marks, and are likely to impair the distinctiveness, strength and value of the DAIMLER Marks and injure the business reputation of Daimler and its products/brands.

93.     Defendants' acts have caused and will continue to cause Daimler irreparable harm.  Daimler has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

94.     As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Daimler is entitled to injunction relief as well as monetary damages and other remedies provided by 15 U.S. C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs, and prejudgment interest.

## COUNT IV
## Infringement of U.S. Design Patents
### (35 U.S.C. §§ 1 *et seq.*)

95.     Daimler realleges and incorporates herein by reference the allegations set forth above.

96.     The Accused Products bear designs that are substantially the same as the ornamental designs claimed in the DAIMLER Patents.

97.     Defendants have manufactured, offered for sale, sold, and/or imported into the United States, automotive wheels including the Accused Products as alleged herein, in violation of Daimler's exclusive rights to the DAIMLER Patents.

98.     By their conduct as alleged herein, Defendants have, and continue to, directly infringing the DAIMLER Patents.  As a direct and proximate result of Defendants' conduct as alleged herein, Daimler has suffered and will continue to suffer great damage to the DAIMLER Patents, business, goodwill, reputation and profits, while Defendants profit at Daimler's expense.

99.     Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' infringement as alleged herein.  Unless Defendants are permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

100.   Each and every separate act of patent infringement by Defendants as alleged herein constitutes a separate claim.

## COUNT V
## Unfair Competition
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

101.   Daimler realleges and incorporates by reference the allegations set forth above.

102.   Defendants' actions as alleged herein with respect to the DAIMLER Marks constitute unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., in that Defendants have engaged in unfair or deceptive acts or practices in the conduct of trade or commerce.

103.   Defendants' actions as alleged herein are unlawful under the California Unfair Competition Law because their unauthorized use of the DAIMLER Marks in California is likely to confuse consumers as to the source, origin, or affiliation of the Accused Products, to misrepresent the nature, characteristics, and qualities of the Accused Products, and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that the Accused Products have the same characteristics and/or quality as genuine goods affiliated with Daimler.

104.   Defendants' acts of unfair competition in the State of California have caused and continue to cause damage to Daimler's business reputation, to the DAIMLER Marks, and other rights and properties in an amount to be determined at trial.  Daimler is entitled to injunctive relief, attorneys' fees and costs, and other equitable relief as this Court may order.

**COUNT VI**
**False and Misleading Advertising**
**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

105.   Daimler realleges and incorporates herein by reference the allegations set forth above.

106.   Defendants' aforementioned acts constitute false and misleading advertising in violation of the California Business & Professional Code § 17500 *et seq.*

107.   As a direct and proximate result of Defendants' conduct, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

108.   Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' acts as alleged herein.   Unless Defendants are preliminarily and permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

## COUNT VII
## Trademark Infringement and Unfair Competition
### (California Common Law)

109.   Daimler realleges and incorporates herein by reference the allegations set forth above.

110.   Defendants' aforementioned acts constitute trademark infringement under the common law of the State of California.

111.   As a direct and proximate result of Defendants' conduct, Daimler has suffered and will continue to suffer great damage to its business, goodwill, reputation and profits, while Defendants profit at its expense.

112.   Daimler has suffered irreparable harm and has no adequate remedy at law from the harm caused by Defendants' acts as alleged herein.   Unless Defendants are preliminarily and permanently enjoined by the Court, Daimler will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Daimler prays for the following relief:

1.   Entry of a judgment that Defendants have directly infringed each of the DAIMLER Patents;

2.   Grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and

their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the DAIMLER Patents;

3.     Entry of a judgment awarding Daimler all damages adequate to compensate for Defendants' infringement of each of the DAIMLER Patents in an amount to be proven at trial, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     Entry of a judgment awarding Daimler all damages, including treble damages, based on any infringement of the DAIMLER Patents found to be willful pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.     Entry of a judgment that this is an exceptional case and an award to Daimler of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

6.     Entry of a judgment that Defendants have infringed the DAIMLER Marks and/or used counterfeits of the DAIMLER Marks in commerce in violation of Daimler's rights under 15 U.S.C. § 1114(1) and under the common law.

7.     Entry of a judgment that Defendants' activities are likely to, or have, diluted the famous DAIMLER Marks in violation of Daimler's rights under 15 U.S.C. § 1125(c);

8.     Entry of a judgment that Defendants have competed unfairly with Daimler in violation of Daimler's rights under 15 U.S.C. § 1125(a) and the common law;

9.     Entry of a judgment that Defendants' activities have violated Sections 17200 and 17500 of the California Business and Professions Code;

10.     Entry of an order directing Defendants to provide to Daimler for destruction any and all unlawful products or materials, and to compensate Daimler for any and all advertising or other expenses necessary to dispel the public confusion caused by Defendants' unlawful acts;

11.     Entry of a judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to, all amounts necessary to compensate Daimler for Defendants' wrongful use of the DAIMLER Marks, including reasonable attorneys' fees and costs;

12.     Alternatively, instead of actual profits and damages, entry of a judgment awarding Daimler statutory damages of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c); which, given Defendant's use of counterfeits of at least 18 distinct registered trademarks owned by Daimler, as further alleged herein, amounts to statutory damages at least as high as $36,000,000;

13.     Entry of a judgment against Defendants for legal fees upon a finding that this case is exceptional under 15 U.S.C. § 1117, and for increased damages upon a finding of willfulness in Defendants' unlawful acts alleged herein with respect to the DAIMLER Marks, said award to equal at least treble Daimler's actual damages under 15 U.S.C. § 1117.

14.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Daimler hereby demands trial by jury on all issues raised by the Complaint.

Respectfully submitted,

Dated:  April 11, 2016          By: s/ Michael St. Denis,
                                    Attorney for *Plaintiff, Daimler AG*
                                    E-Mail: mike@mikestdenislaw.com

                                    Shauna M. Wertheim
                                    E-Mail: swertheim@marburylaw.com
                                    Timothy W. Johnson
                                    E-Mail: tjohnson@marburylaw.com
                                    Joanna L. Cohn
                                    E-Mail: jcohn@marburylaw.com

                                    *Pro Hac Vice (Pending) Counsel for*
                                    *Plaintiff Daimler AG*