UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>A-Z WHEELS, LLC d/b/a USARim.com, et al.,<br><br>Defendants. | Case No.: 16cv0875-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 39]** |

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed on August 22, 2017. (ECF No. 39). The dispute challenges the responses by certain Defendants, the "Moalemi Defendants," Rasool "Russ" Moalemi, Joshua Moalemi and Ryan Moalemi, to ten interrogatories and 21 requests for production. (*Id.*).

In summary, this case involves allegations that Defendants have been in the business of obtaining and selling automotive wheels, online and from a physical location, that violate certain patents and trademarks belonging to Plaintiff. (*See* ECF No. 33).

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the

part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

A. <u>Interrogatories 1, 2, 6, 9, 10, 11, 12, 13, 14, 19</u>

For each of these interrogatories, an identical issue is presented. Interrogatories 1 and 13 have additional issues which will be discussed separately below. But, as to each interrogatory, including 1 and 13, Defendants respond by referring Plaintiff to the transcript of a deposition of Defendant Russ Moalemi taken in connection with proceedings before the U.S. International Trade Commission ("ITC") in November 2016. Defendants claim not to have a copy of the transcript but assert that the answers sought are there and are in Plaintiff's possession. Plaintiff asserts these answers do not comply with the requirements of Rule 33.

In short, Plaintiff is correct. Plaintiff is entitled to a "full answer." Rule 33(b)(3). To the extent that Defendants are attempting to avail themselves of the option to provide business records provided at Rule 33(d), that rule presupposes that the records are to be produced, or have been produced, by the responding party and the responding party must specify where in the responsive records the answers to the interrogatory lies. The ITC deposition transcript apparently is not a business record of Defendants and, regardless, Defendants have not identified the location in the transcript of the answers to each interrogatory.

Consequently, to the extent Defendants rely on their reference to the Russ Moalemi ITC deposition transcript, the Court finds the answers inadequate and **GRANTS** Plaintiff's motion to compel further responses.

With regard to issues specific to certain interrogatories, the Court finds as follows:

### 1. <u>Interrogatory 1 (ECF No. 39 at 7)</u>

This interrogatory calls for each of the Moalemi Defendants to describe his role in various business entities, also defendants in this action. Even if reference to the ITC deposition transcript of Russ Moalemi otherwise was sufficient, Plaintiff is correct that it cannot serve as the answer for the other Moalemi Defendants. A full answer is required regarding each of the Moalemi Defendants.

### 2. <u>Interrogatory 13 (ECF No. 39 at 16)</u>

This interrogatory requires the Defendants to describe the role of "John Doe," referenced in the ITC deposition of Russ Moalemi, including his address, specific tasks performed for Defendants and dates. In addition to its misplaced reliance on the ITC transcript, Defendants also offer the following:

> Concerning Mr. Doe's address, such discovery is not appropriate or proportional given that counsel represents Mr. Doe (if he can be found) so he should not be contacted, including at his address.

(ECF No. 39 at 17). Defendants also state that Mr. Doe was an independent contractor, not an employee and worked long ago as a sales associate. (*Id.*)

Defendants' objection that the requested discovery is not "appropriate or proportional" is **OVERRULED**. The fact that counsel for Defendants may also represent Mr. Doe is not a basis for the Moalemi Defendants to withhold this information.

B. <u>Requests for Production 1, 2, 3, 4, 5, 6, 8, 10, 11, 14, 15, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27</u>

There is a common thread to each of the responses to these Requests for Production so that a common ruling is appropriate. As an example:

1. <u>Request for Production ("RFP") No. 1 </u>(ECF No. 39 at 19)

Plaintiff requests:

> All documents describing, reflecting, referring or relating to manufacture, purchase, importation into the United States, distribution, and/or sale of any of Defendant's Wheels by you or on your behalf between April 11, 2010 and the present.

Defendant responds to each contested RFP as follows:

> Subject to and without waiving the general objections, each Defendant states that he has never sold and does not currently sell any of the accused wheels, and has never possessed and does not currently possess any of the requested documents.

Assuming that the term "Defendant's Wheels" is understood by the parties to mean "accused wheels" as used by Defendants, the response is legally sufficient, except for RFP Nos. 8, 19 and 25, discussed below. One cannot produce what one does not possess.

The Court believes that some words of caution are appropriate. This lawsuit alleges that the Moalemi Defendants, through various corporate entities, imported and sold automotive wheels that allegedly infringe Plaintiff's patents and marks. Plaintiff claims to have records reflecting Defendants' advertisements for such wheels. The Court is concerned that Defendants' responses – particularly that they cannot produce any documents reflecting any responsive sales – may prove problematic for Defendants.

The Court is compelled to remind Defendants that the term

"possession" does not require actual possession, custody or control. As mentioned earlier, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). If any of the Moalemi Defendants has the legal right to obtain responsive documents or has control over an entity which is in possession of responsive documents, the documents must be produced. As this case progresses, the Court will consider sanctions under either Rule 26(g) or 37, as appropriate, upon a finding that documents were improperly withheld.

1. <u>RFP No. 8</u> (ECF No. 39 at 26)

This RFP calls for the production of tax returns for the Moalemi Defendants and any entity on their behalf relating to sales of automotive wheels for fiscal year 2010 to the present. As mentioned above, Defendants provided the identical response, quoted above in connection with RFP No. 1, to each RFP. This RFP is not limited to "accused wheels." It calls for tax returns reflecting sales of automotive wheels, not the accused wheels. Accordingly, to the extent that the Moalemi Defendants have tax returns reflecting any sales of automotive wheels during the identified time period, they must be produced.

2. <u>RFP No. 19</u> (ECF No. 39 at 33)

This RFP calls for the production relating to quality control of wheels sold or offered for sale since April 11, 2010. As with RFP No. 8, this RFP is not limited to "accused wheels." Defendants' boilerplate response may be insufficient. To the extent that the Moalemi Defendants have responsive documents regarding "wheels," the documents must be produced.

3. <u>RFP No. 25</u> (ECF No. 39 at 38)

This is a "catchall" RFP, requiring Defendants to produce all documents identified in responses to Plaintiff's First Set of Interrogatories. Defendants' standard response just does not fit here. A proper response is required.

## **CONCLUSION AND ORDER**

Plaintiff's motion to compel further responses and production, as presented in the instant Joint Motion, is **GRANTED.**

1. The Moalemi Defendants must provide full answers to the each of the identified interrogatories as required by Rule 33, Fed. R. Civ. P.
2. The Moalemi Defendants must produce documents within their possession, custody or control responsive to the identified requests for production.
3. Answers must be provided and responsive documents, if they exist, must be produced within 14 days of this Order.
4. No request for sanctions having been made, no sanctions will be imposed at this time.

**IT IS SO ORDERED.**

Dated: September 7, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

7

16cv0875-JLS-MDD