UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>A-Z WHEELS LLC, et al., et al.,<br><br>Defendants. | Case No.: 16cv875-JLS-MDD<br><br>**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>**[ECF No. 61]** |

Before the Court is Plaintiff Daimler AG's ("Daimler") request for the attorneys' fees and costs expended to enforce the Court's September 7, 2017, Order on the parties' Joint Motion for Determination of Discovery Dispute (ECF No. 43). (ECF No. 61).

The Court's September 7 Order required the Moalemi Defendants to provide full answers and produce responsive documents to supplement deficient discovery responses within two weeks. (ECF No. 43) Daimler's December 5, 2017, Motion for Sanctions stated that despite the Court's Order, the Moalemi Defendants had not complied. (ECF No. 49-1 at 5-6). At the January 8 hearing, the Court informed Daimler that it could seek to recover the costs and fees associated with bringing the Motion for Sanctions.

(ECF No. 60). Defendants were given until February 2, 2018, to respond to Daimler's fee request. (*Id.*) Defendants filed a late opposition to the request on February 11, 2018. (ECF No. 64).

Daimler seeks a total award of $29,384.22 including $24,925 (corresponding to 69.4 hours) for preparation, filing, traveling to, and attending the January 8, 2018 sanctions hearing. (ECF No. 61-1 at 5-7). Daimler also seeks $4,459.22 in costs required to bring the motion for sanctions and travel to the hearing. (ECF No. 61-3 at 5).

## LEGAL STANDARD

The Supreme Court has made clear that determining the appropriate amount of attorneys' fees "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining the size of a fee award, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011). Courts should not strive to "achieve auditing perfection" but should attempt "to do rough justice." *Id.* In so doing, courts may "take into account[] overall sense of a suit" and may even "use estimates in calculating and allocating an attorney's time." *Id.*

Even though it is impossible to determine with mathematical precision the amount of attorneys' fees and costs incurred by one party as a direct result of misconduct, courts must "abide by the injunction of the arithmetic teacher: Show your work!" *Padgett v. Loventhal*, 706, F.3d 1205, 1208 (9th Cir. 2013); *Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 185 (9th Cir. 1996).

In the Ninth Circuit, courts calculate awards for attorneys' fees using the "lodestar" method. *Haeger v. Goodyear Tire and Rubber Co.*, 813 F.3d 1233, 1249 (9th Cir. 2016); Hensley, 461 U.S. at 429. "The 'lodestar' is

calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (2001)). The reasonableness of the hourly rate is determined by the prevailing market rates in the community in which the court sits, for similar litigation by attorneys of comparable experience, skill and reputation. *Blum v. Stevenson*, 465 U.S. 886, 895 and n.11 (1984).

## ANALYSIS

I. Reasonable Hourly Rate

Daimler lists the hourly rates for each of the partners, associates, and paraprofessionals whose time entries are at issue.

| Timekeeper | Position | Years' Experience | Hourly Rate |
|---|---|---|---|
| Shauna Wertheim | Partner, Marbury | 30+ | $400 |
| Timothy Johnson | Associate, Marbury | 7 | $320 |
| Joanna Cohn | Associate, Marbury | 8 | $260 |
| Rose Harvey | Senior Litigation Paralegal, Marbury | 21 | $110 |

Daimler supports the hourly rates with a declaration from lead counsel Shauna Wertheim describing the skill and experience of each attorney. (ECF No. 61-1 at 7-8; ECF No. 61-2 ¶¶9-11). Daimler also supports the attorney's rates with data from the American Intellectual Property Law Association ("AIPLA") Report of the Economic Survey ("AIPLA 2017 Survey"), indicating that their partner and non-partner attorney rates are below the average rate for other firms. (ECF No. 61-1 at 8-9; ECF No. 62-7 at 2-7). Daimler cites to other litigation in this district where the AIPLA 2017 Survey was used to

determine reasonable fee rates. (ECF No. 61-1 at 8-9) (see *Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-cv-651 JLS (MDD), 2018 U.S. Dist. LEXIS 3229, at *8-11 (S.D. Cal. January 8, 2018). Daimler contends that the reasonableness of their rates is further supported by the fact that their rates are below those of other cases charged and approved for intellectual property litigation in this district. (See *Flowrider Surf, Ltd. v. Pacific Surf Designs, Inc.*, 2017 U.S. Dist. LEXIS 76757, at *8-10). Finally, Daimler contends that their rates, in light of the time spent from the Moalemi Defendants' initial defiance of this Court's Order on the Joint Motion in September, 2017, are more than reasonable. (ECF No. 61-1 at 9-10).

Defendants' untimely objection did not challenge Daimler's hourly rates. Rather, Defendants contend that the total requested fees are excessive for "pursuing a straightforward discovery motion" that was granted only in part. (ECF No. 64 at 1). In support of that contention, Defendants distinguish Daimler's fee request against other cases where discovery motions have resulted in smaller awards. (*Id.* at 2) (citing *Pelayo v. Platinum Limousine Servs., Inc.*, 2018 WL 310126, at *8 (D. Haw. Jan. 5, 2018); *Ball v. Manalto, Inc.*, 2017 WL 2378923, at *2 (W.D. Wash. June 1, 2017); *Scott-Iverson v. Independent Health Ass'n, Inc.*, 2016 WL 1457881, at *4 (W.D.N.Y. Apr. 14, 2016); *Penta v. Costco Wholesale Corp.*, 2016 WL 1171612, at *8 (E.D.N.Y. Mar. 25, 2016); *McAfee v. Schneider Nat'l Carriers, Inc.*, 2015 WL 9319178, at *6 (N.D. Tex. Dec. 23, 2015)). The cases Defendants rely on did not take place in this district, let alone a California court.

The Court finds that Daimler has produced satisfactory evidence that the hourly rates for its attorneys and staff are reasonable. The hourly rates are supported by counsel's detailed declaration, are consistent with those previously approved in this District, are consistent with the survey data

provided, and are consistent with this Court's familiarity of the rates charged in the San Diego community. The Court further finds Daimler has met its burden to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also United Steelworkers of Am. V. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (courts should consider affidavits of the movant's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the movant's attorney).

II. Reasonably Expended Hours

Daimler provides detailed time entries in support of its request. (ECF No. 61-3 at 2-5; ECF No. 61-4 at 2-3; ECF No. 61-5 at 2-3; ECF No. 61-6 at 2-13). Defendants do not request any specific reductions, rather, they object to the total amount requested. (ECF No. 64 at 2). As Defendants failed to file a timely opposition, the Court will not consider their objections. The Court reviewed the entries and finds the hours expended to be reasonable and the tasks billed to be appropriate to the individuals' stations. The Court will, however, include a reduction for block billing.

Courts are to "reduce hours that are billed in block format … because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir.2000) (holding that a district court may reduce hours to offset "poorly documented" billing). Hours may be reduced if the billing makes it impossible for the Court to determine how much time is spent on each task

5

and thus whether the time spent was reasonable. See *Banas v. Volcano Corp.*, 47 F.Supp 3d 957, 867-68 (N.S. Cal 2014). It is well within a court's authority to reduce block-billed hours by 10% to 30%. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

After a careful review of Plaintiff's fee records for evidence of block-billing, the Court concludes that the majority of the entries do not pose a block-billing problem. However, several entries are problematic: ECF No. 61-3 at 2 (9/22/17 entry of 2.7 hours, 11/28/17 entry of 2.4 hours, and 11/30/17 entry of 4.2 hours); *id.* at 3 (12/1/17 entry of 3.7 hours, 12/3/17 entry of 1.9 hours, 12/4/17 entry of 3.2 hours, 12/6/17 entry of 3.6 hours, and 12/28/17 entry of 1.7 hours); *id.* at 4 (1/6/18 entry of 2.4 hours). A 20% reduction to the block-billed hours is appropriate on this basis. Thus, the Court reduces Daimler's fees by $1,928.

## CONCLUSION

The Court **GRANTS** Daimler's request for attorneys' fees and **ORDERS** Defendants to pay $22,997 in fees and $4,459.22 in costs for a total of $27,456.22 within 30 days of this order.

**IT IS SO ORDERED.**

Dated: April 23, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge