UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAIMLER AG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>A-Z WHEELS LLC d/b/a USARim.COM, et al.,<br><br>Defendants. | Case No.: 16-CV-875 JLS (MDD)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF DAIMLER AG'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS JOSHUA AND RYAN MOALEMI**<br><br>(ECF No. 109) |

Presently before the Court is Plaintiff Daimler AG's Motion for Default Judgment and/or Motion for an Order to Show Cause Against Defendants Joshua Moalemi and Ryan Moalemi ("Mot.," ECF No. 109), as well as Defendants USARim and Russ, Ryan, and Josh Moalemi's Response to ("Opp'n," ECF No. 113) and Plaintiff's Reply in Support of ("Reply," ECF No. 114) the Motion. Because the Court determines that this matter is appropriate for determination on the papers and without oral argument, the Court **VACATES** the hearing scheduled for July 18, 2019, pursuant to Civil Local Rule 7.1(d)(1).

"[P]ursuant to Civil Local Rule 16.1(f)(8), and Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure," Plaintiff requests that the Court enters "an order defaulting Defendants Joshua Moalemi and Ryan Moalemi (collectively the 'Moalemi

Defendants') for failing to comply with this Court's orders, or alternatively, for an order to show cause why such sanctions should not be imposed." Not. of Mot. at 2. Specifically,

> This motion is made on the grounds that the Moalemi Defendants failed to comply with the Court's Order of March 27, 2018 (ECF No. 75)[,] which required the Moalemi Defendants to provide the Court with their contact information, and the Court's Order of April 11, 2019 (ECF No. 107), which set a Pretrial Conference date of June 18, 2019[,] and therefore established a deadline of May 22, 2019[,] for the parties to file a Memorandum of Contentions of Law and Fact under Civil Local Rule 16.1(f)(2) and participate in a pre-trial meeting under Civil Local Rule 16.1(f)(4)(a).

*Id.* at 2–3. Plaintiff contends that default is merited based on the Moalemi Defendants' "utter and complete failure to comply with the Court's orders and the Rules of this Court." *Id.* at 3.

In their Opposition, Defendants note that Stephen M. Lobbin "now again represents the[ Moalemi Defendants], so they may be served through counsel going forward" and that "the Main Defendants—USARim and Russ Moalemi—did participate[ in pretrial matters], and that participation should inure to the credit of Ryan and Josh because their trial contentions align completely with those of the main Defendants." Opp'n at 2.

Plaintiff rejoins that "[t]he Opposition fails entirely to address substantively the willful actions of Joshua and Ryan Moalemi," Reply at 2, and contends that "the record belies that" all Defendants are aligned in their defense of this case to be presented at trial. *Id.* at 4. Plaintiff further argues that Mr. Lobbin's agreeing to represent the Moalemi Defendants "only for the limited purposes of pre-trial, trial, and settlement proceedings," *see* Opp'n at 1 n.1, is "deficient under this Court's Local Rule 83.3(f)," *see* Reply at 5, and prejudicial. *Id.* at 5–6.

The Court understands Plaintiff's frustration. This case was filed on April 11, 2016—well over three years ago. *See generally* ECF No. 1. The Ninth Circuit has cautioned, however, that "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

There are five factors a district court must "consider before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson*, 779 F.2d at 1423). Dismissal may be appropriate where four of the factors weigh in favor of dismissal or "at least three factors 'strongly' support dismissal." *Id.*

First, as noted, this case is over three years old. Only part of this delay, however, can be attributed to the actions of the Moalemi Defendants that are the subject of Plaintiff's Motion. Nonetheless, this delay does run counter to the public's interest in expeditious litigation. Consequently, the first factor favors dismissal. *See id.*

Second, this delay has somewhat impaired the Court's ability to manage its docket, as the Court has been forced to vacate the final pretrial conference, *see* ECF No. 103, and other pretrial dates. *See* ECF No. 111. But the Moalemi Defendants' actions "did not consume 'large amounts of the court's valuable time,' . . . or cause any 'serious disruptions' of the district court's schedule," meaning "the second factor 'weigh[s] in favor of the sanction, but not heavily.'" *Hernandez*, 138 F.3d at 399 (citations omitted).

Third, Plaintiff "ha[s] not shown how the [Moalemi Defendants' actions] might 'impair [Plaintiff's] ability to go to trial or threaten to interfere with the rightful decision of the case.'" *Id.* (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Therefore, [Plaintiff] ha[s] not shown the type of prejudice that [is required] under the third factor." *Id.* (citing *Malone*, 833 F.2d at 131).

"Fourth, the public policy favoring disposition of cases on their merits counsels strongly against dismissal." *Id.*

Fifth and finally, the Court ultimately concludes that "the availability of less drastic alternatives also counsels strongly against dismissal." *See id.* Plaintiff contends that "[s]anctions short of default have been imposed previously by the Court for similar delinquent behavior by the Moalemi Defendants . . . and such sanctions did not motivate

3

16-CV-875 JLS (MDD)

the Moalemi Defendants." *See* Mot. at 19. The sanctions order on which Plaintiff relies, however, was entered by Magistrate Judge Mitchell D. Dembin on April 23, 2018, *see generally* ECF No. 84, after Mr. Lobbin was granted leave to withdraw as counsel for the Moalemi Defendants on March 27, 2018. *See generally* ECF No. 75.

With Mr. Lobbin once again agreeing to represent the Moalemi Defendants, it is the Court's sincere hope that this action can move toward expeditious resolution.[1] At this time, the Court therefore **DENIES WITHOUT PREJUDICE** Plaintiff's Motion (ECF No. 109). *See, e.g.*, *Hernandez*, 138 F.3d at 399 (reversing district court's dismissal of action where only two of the five *Henderson* factors could be said to support dismissal). Defendants, however, will be kept on a short leash. The Parties **SHALL CONTACT** Judge Dembin within three (3) days of the electronic docketing of this Order to schedule a Mandatory Settlement Conference and so that Judge Dembin may issue a Scheduling Order. Further, Defendants—and the Moalemi Defendants in particular—are **CAUTIONED** that

> Failure of . . . any party to comply with the[ District's Local R]ules, with the Federal Rules of Civil . . . Procedure, or with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, . . . entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

*See* S.D. Cal. CivLR 83.1(a).

**IT IS SO ORDERED.**

Dated: July 10, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] Although the Court is troubled by Plaintiff's argument that the interests of Defendants do not align, *see* Reply at 4–5, a motion for default judgment is not the proper vehicle for the Court to address any potential conflicts of interest.