1  MICHAEL ST. DENIS PROFESSIONAL CORPORATION
2  Michael St. Denis (CA Bar No. 147952)
   500 Silver Spur Road, Suite 204
3  Rancho Palos Verdes, California 90275
4  Telephone: (310) 378-4700
   Facsimile:  (310) 378-8722
5  Email:  mike@mikestdenislaw.com

6

7  THE MARBURY LAW GROUP, PLLC
8  Shauna M. Wertheim, *Pro Hac Vice*
   Timothy W. Johnson, *Pro Hac Vice*
9  Joanna L. Cohn, *Pro Hac Vice*
10 11800 Sunrise Valley Drive, 15th Floor
   Reston, Virginia 20191
11 Telephone:  (571) 267-7002
12 Facsimile:   (703) 391-2901
   Email: swertheim@marburylaw.com
13        tjohnson@marburylaw.com
14        jcohn@marburylaw.com

15 Attorneys for Plaintiff DAIMLER AG

16

17             UNITED STATES DISTRICT COURT
18           SOUTHERN DISTRICT OF CALIFORNIA
19

20 **Daimler AG**, a German corporation,      Case No. 3:16-cv-00875-JLS-MDD

21              Plaintiff,                     **PLAINTIFF DAIMLER AG'S**
                                               **MEMORANDUM OF POINTS**
22         v.                                  **AND AUTHORITIES IN**
                                               **SUPPORT OF ITS MOTION FOR**
23 **A-Z Wheels LLC, *et al.*,**               **PARTIAL SUMMARY**
                                               **JUDGMENT**
24              Defendants.
25                                             Date:    January 9, 2020
26                                             Time:    1:30pm
                                               Judge:  Hon. Janis L. Sammartino
27                                             Crtrm:  4D
28

1
2
# TABLE OF CONTENTS

3    **I.    INTRODUCTION** ................................................................................................- 1 -

4    **II.   LEGAL STANDARDS** ......................................................................................- 2 -

     **A.    Statutory Damages for Trademark Counterfeiting** ..............................- 2 -

5    **B.    Injunctive Relief** ....................................................................................- 4 -

6    **C.    Attorney's Fees** ......................................................................................- 4 -

7    **III.  ARGUMENT** .....................................................................................................- 5 -

8    **A.    Daimler is Entitled to Statutory Damages for Defendants' Willful Use of Counterfeit Marks** ...................................................................................................- 5 -

9    **B.    Defendants' Conduct Warrants a Substantial Statutory Award** ...........- 7 -

     **C.    Daimler is Entitled To Injunctive Relief**.............................................- 11 -

10   **D.    This Case Is Exceptional, Meriting Attorney's Fees** ...........................- 15 -

11   **IV.   CONCLUSION** ................................................................................................- 17 -

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## Cases

*Abercrombie & Fitch Co. v. Moose Creek, Inc.,*
   486 F.3f 629, 633 (9th Cir. 2007)....................................................................12

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) .........................................................................................2

*Au-Tomotive Gold, Inc. v. Volkswagen of Am.,*
   457 F.3d 1062 (9th Cir. 2006)........................................................................10

*BMW of N. Am., LLC v. Cuidin*, No. 5:17-cv-02471,
   2018 BL 458414, at *8 (C.D. Cal. Dec. 10, 2018)..........................................9

*Burberry Ltd. v. Designers Imps., Inc.*, No. 07-cv-3997,
   2010 BL 10512 (S.D.N.Y. Jan. 19, 2010)......................................................10

*Cartier v. Symbolix Inc.*, 544 F. Supp. 2d 316, 318 (S.D.N.Y. 2008).......................8

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) .........................................................................................1

*Century 21 Real Estate Corp. v. Sandlin,*
   846 F.2d 1175 (9th Cir. 1988).........................................................................4

*Champion-Cain v. McDonald*, No. 3:14-cv-02540,
   2018 BL 248466 (S.D. Cal. July 12, 2018)..............................................13, 14

*Chi-Boy Music v. Charlie Club,*
   930 F.2d 1224, 1229 (7th Cir. 1991)...............................................................9

*Chloe SAS v. Sawabeh Info. Servs. Co.*, No. 2:11-cv-04147,
   2015 BL 488074 (C.D. Cal. June 22, 2015).................................................3, 6

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham,*
   259 F.3d 1186 (9th Cir. 2001).........................................................................7

*Cree, Inc. v. Flyt E-Commerce Servs., Inc.,* No. 2:16-cv-05208,
   2017 BL 528008 (C.D. Cal. Oct. 31, 2017)....................................................15

*Earthquake Sound Corp. v. Bumper Indus.*,
　　352 F.3d 1210 (9th Cir. 2003) ....................................................4, 5

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
　　344 U.S. 228 (1952) ..............................................................8

*Gucci Am., Inc. v. Huoqing*,
　　2011 BL 412036 (N.D. Cal. Jan. 03, 2011) ...............................8

*Internet Specialties W., Inc. v. Milon-Digiorgio Enters., Inc.*,
　　559 F.3d 985 (9th Cir. 2009)...................................................15

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*,
　　762 F.3d 867 (9th Cir. 2014)...............................................4, 12

*Lindy Pen Co., Inc. v. Bic Pen Corp.*,
　　982 F.2d 1400 (9th Cir. 1993).................................................3

*Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*,No. 03-cv-4986,
　　2004 U.S. Dist. LEXIS 22563 (N.D. Ill. Nov. 5, 2004)................9

*Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc.*,
　　658 F.3d 936 (9th Cir. 2011)..................................................3

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
　　676 F.3d 83 (2nd Cir. 2012).................................................5

*Louis Vuitton Malletier, S.A. v. Mosseri*, No. 2:07-cv-02620,
　　2009 BL 234287 (D.N.J. Oct. 28, 2009)...................................10

*Louis Vuitton Malletier & Oakley, Inc. v. Veit*,
　　211 F. Supp. 2d 567 (E.D. Pa. 2002) ........................................3

*Luxottica USA LLC v. The P'ships & Unincorporated Ass'ns*,
　　No. 1:14-cv-09061, 2015 BL 194355 (N.D. Ill. June 18, 2015)..............9

*Maier Brewing Co. v. Fleischmann Distilling Corp.*,
　　390 F.2d 117 (9th Cir. 1968)..................................................9

*Monster Energy Company v. Meng Chun Jing, et al.*,
　　No. 1:15-cv-00277, 2015 BL 214782 (N.D. Ill. July 6, 2015) ................9

-iv-

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) ...................................................................5, 15

*Peer Int'l Corp. v. Pausa Records, Inc.*,
    909 F.2d 1332, 1336-37 (9th Cir. 1990) ......................................8

*Philip Morris USA Inc. v. Liu*,
    489 F. Supp. 2d 1119 (C.D. Cal. 2007)..........................................3

*Philip Morris USA Inc. v. Castworld Products, Inc.*,
    219 F.R.D. 494 (C.D. Cal. 2003) ....................................................8

*Rolex Watch U.S.A., Inc. v. Jones*, No. 1:99-cv-02359,
    2002 BL 1348 (S.D.N.Y. Apr. 17, 2002).....................................10

*Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.*,
    No. 3:13-cv-01539, 2015 BL 487202 (S.D. Cal. July 29, 2015) ...................5

*SunEarth, Inc. v. Sun Earth Solar Power Co.*,
    839 F.3d 1179 (9th Cir. 2016).................................................5, 15

*Tiffany (NJ) Inc. v. Luban*,
    282 F. Supp. 2d 123 (S.D.N.Y. 2003)............................................3

*T-Mobile USA, Inc. v. Terry*,
    862 F. Supp. 2d 1121(W.D. Wash. 2012)........................12, 13, 14

*Ty, Inc. F. GMA Accessories, Inc.*,
    959 F. Supp. 936 (N.D. Ill. 1997) ...............................................14

**Statutes**

15 U.S.C. § 1116(a) ...............................................................................4
15 U.S.C. § 1117(a) .........................................................................4, 16
15 U.S.C. § 1117(c) .......................................................................2, 4, 7
17 U.S.C. § 504(c) ...............................................................................3

Plaintiff Daimler AG's Memorandum in Support of
Motion for Partial Summary Judgment
Case No. 3:16-cv-00875-JLS-MDD

1

2 **Rules**

3

Fed. R. Civ. P. 56(b) ............................................................................1

Fed. R. Civ. P. 56(c) ............................................................................2

5

6 **Other**

7

J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition

      § 30:95 (4th ed. 1996) .......................................................................3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and Local Rule 7.1.f.1, as well as the Court's Amended Scheduling Order entered August 26, 2019 (ECF No. 118), Plaintiff Daimler AG ("Daimler") brings this Memorandum of Points and Authorities in Support of its Motion for Partial Summary Judgment for statutory damages for trademark counterfeiting with respect to federally registered trademarks U.S. Reg. No. 657,386, U.S. Reg. No. 3,614,891, and U.S. Reg. No. 4,423,458, (collectively "the DAIMLER Marks") (portion of Count I of First Amended Complaint ("FAC")), injunctive relief, and attorney's fees, against Defendants A-Z WHEELS LLC d/b/a USARIM, USARIM.COM, and EUROTECH WHEELS, GALAXY WHEELS & TIRES, LLC, and INFOBAHN INTERNATIONAL, INC. d/b/a INFOBAHN, EUROTECH, EUROTECH LUXURY WHEELS, EUROTECH WHEELS and USARIM (collectively "the Entity Defendants"), and Rasool Moalemi (collectively the Entity Defendants and Rasool Moalemi are referred to herein as "Defendants").

There is no genuine issue of material fact as to whether Defendants were engaged in offering for sale and selling automotive wheels in connection with counterfeit marks, given the Court's Order granting Daimler's motion for partial summary judgment as to trademark counterfeiting (ECF No. 91). Accordingly, Daimler requests that the Court enter a finding that the Defendants' conduct was

willful, and award statutory damages of $6,000,000 ($2,000,000 for each of the three counterfeit marks), along with attorneys' fees and costs.

## II.  LEGAL STANDARDS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court shall grant summary judgment if the moving party demonstrates the absence of any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  For the purposes of summary judgment, "material" means that the fact could affect the outcome of the case under governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  For a dispute to be "genuine," a verdict for the nonmoving party must be able to be returned by a reasonable jury.  *Id.*

### A.  Statutory Damages for Trademark Counterfeiting

Pursuant to section 35 of the Lanham Act, a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, Section 35 of the Lanham Act provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).  The "plain language of the statute affords plaintiffs the right to pursue

Plaintiff Daimler AG's Memorandum in Support of
Motion for Partial Summary Judgment
Case No. 3:16-cv-00875-JLS-MDD

statutory damages without proving actual damages; however, the statute does not provide guidelines for courts to use in determining an appropriate award." *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002); *see also Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124–5 (S.D.N.Y. 2003) (noting that the statute does not provide guidelines for courts to use in determining an appropriate award and that the award is only limited by what the court considers just).   Courts have found guidance in the case law relating to the analogous provision for statutory damages based on copyright infringement under 17 U.S.C. § 504(c)).   *Louis Vuitton Malletier S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 947 (9th Cir. 2011) ("the body of case law developed to interpret the similar statutory damages provision in copyright law should prove helpful in applying the counterfeit statutory damages option" (quoting J. Thomas McCarthy, McCarthy on Trademarks & Unfair Competition § 30:95 (4th ed. 1996) (footnotes omitted))).

Willfulness can be established by evidence of knowing conduct or by evidence that the defendant acted with "an aura of indifference to plaintiff's rights." *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007).   A finding that defendants acted willfully "requires a connection between the defendants' awareness of [their] competitors and its actions at those competitors' expense." *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. 2:11-cv-04147, 2015 BL 488074, at *10 (C.D. Cal. June 22, 2015) (quoting *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993)).

**B.     Injunctive Relief**

This Court has the power to grant an injunction to prevent further counterfeiting.  *See* 15 U.S.C. § 1116(a).  In the Ninth Circuit, "injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180-81 (9th Cir. 1988).  Permanent injunctions are appropriate when a party shows: "(1) that it has suffered an irreparable injury; (2) that remedies available at law such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.,* 762 F.3d 867, 879 (9th Cir. 2014).

**C.     Attorney's Fees**

A party seeking to recover statutory damages under 15 U.S.C. § 1117(c) is entitled to attorney's fees under 15 U.S.C. § 1117(a) if the matter is an exceptional case.  The willful and deliberate nature of defendant's infringement are considered in determinations of exceptionality.  *See, e.g., Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1217–18 (9th Cir. 2003) ("not a particularly close case on question of infringement" where plaintiff's mark was strong, defendant knew of mark prior to infringement, the parties sell the same products, defendant used

Plaintiff Daimler AG's Memorandum in Support of
Motion for Partial Summary Judgment
Case No. 3:16-cv-00875-JLS-MDD

similar product identification codes that created further similarities between the products, and defendant informed third parties the products were the same but defendant's were cheaper); *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 104-12 (2nd Cir. 2012); *see also Starbuzz Tobacco, Inc. v. Addison Specialty Servs., Inc.,* No. 3:13-cv-01539, 2015 BL 487202 (S.D. Cal. July 29, 2015). Further, the volume of infringer's sales, including only limited sales does not mandate a finding of non-willfulness. *Earthquake Sound,* 352 F.3d at 1218. A case is exceptional if it stands out from others with respect to a party's litigation position or the unreasonable manner in which the case was litigated. *See, e.g., SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)).

## III.   ARGUMENT

### A.   Daimler is Entitled to Statutory Damages for Defendants' Willful Use of Counterfeit Marks

Defendants' liability for trademark counterfeiting with respect to the DAIMLER Marks has already been adjudicated by the Court. (SMF ¶¶ 6-10.) Specifically, the undisputed facts established that Defendants used marks that were identical to or substantially indistinguishable from the DAIMLER Marks in connection with sales and/or offers for sale of automotive wheels not manufactured or licensed by Daimler. Therefore, Daimler is entitled to recover an award of

statutory damages under 15 U.S.C. § 1117(c) for trademark counterfeiting in connection with these activities by Defendants.

In addition, Defendants have continued to offer for sale and to sell products using such counterfeit marks, at least through the website www.usarim.com ("USARim website") under their control.  (SMF ¶¶ 11-14.)  For example, the main page of the USARim website has continued to display the text "MERCEDES WHEELS" above an image with a counterfeit of Daimler's Three-Point Star marks, which provides a link to an index page of product listings under the category "Mercedes Wheels."  (SMF ¶ 12.)  In each calendar quarter since the Court's August 13, 2018 Order to present date, the USARim website has included product listings for wheels that use counterfeits of at least one of the DAIMLER Marks.  (SMF ¶ 12.)  There is no genuine issue of material fact as to whether Defendants' continued infringement is willful since the Court granted summary judgment against Defendants on both infringement and counterfeiting for the same marks, and based on the same conduct.

In *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. 2:11-cv-04147, 2015 BL 488074 (C.D. Cal. June 22, 2015), the court granted plaintiffs' motion for partial summary judgment on the issue of willfulness based on the defendants' operation of an online retail platform through which counterfeit goods were sold.  This was based on the court findings that "[t]he undisputed facts establish that the Tradekey Defendants willfully infringed . . . Plaintiffs marks. They actively assisted entities,

such as the Defaulting Defendants, in selling counterfeit goods purportedly bearing Plaintiffs' protected marks," and that "[e]ven after this lawsuit began, the Tradekey Defendants continued to permit the sale of counterfeit goods on the Tradekey website in direct disregard of this Court's order to stop such activities. In these circumstances, the Tradekey Defendants cannot credibly deny that they knew about the counterfeiting and failed to take any action to remedy it." *Id.*, at *12. Therefore, the Court concluded that the defendants had "willfully infringed . . . Plaintiffs' marks—i.e., that defendants *intentionally infringed* plaintiffs' trademarks by actively facilitating known counterfeiting and failing to cease such activities even after the court issued an injunction." *Id.* (internal quotation marks omitted).

In the instant case, given Defendants' knowledge and subsequent disregard for the Court's findings and for Daimler's rights, Defendants cannot deny willfulness in continuing their own active infringement. Statutory damages should be awarded for willful use of counterfeit marks under 15 U.S.C. § 1117(c)(2).

## B.   Defendants' Conduct Warrants a Substantial Statutory Award

The Court has wide discretion in determining the amount of statutory damages to be awarded. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001). As the statute does not give any specific guidance for determining an appropriate statutory damage award, courts may look to the factors that are considered for the award of statutory damages under an analogous provision of the Copyright Act, including: the revenues lost by the

plaintiff; the value of the mark; the deterrent effect on others besides the defendant; whether the defendant's conduct was innocent or willful; whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; the difficulty or impossibility of proving actual damages; and the potential for discouraging the defendant. *Gucci Am., Inc. v. Huoqing*, 2011 BL 412036, 18 (N.D. Cal. Jan. 03, 2011) (quoting *Cartier v. Symbolix Inc.*, 544 F. Supp. 2d 316, 318 (S.D.N.Y. 2008)). Significantly, "the Supreme Court has held that deterrence of future infringement is an important factor in determining damages under the Copyright Act, and therefore an award of statutory damages need not equal the amount of a plaintiff's actual damages." *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952); *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336-37 (9th Cir. 1990)). In particular, the *Woolworth* Court stated "[t]he statutory rule, formulated after long experience, not merely compels restitution for profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate statutory policy." *F.W. Woolworth Co.*, 344 U.S. at 233.

Courts have considered the efficacy of damages as a deterrent not only for defendants but also non-parties, as well as the context of the counterfeiting. *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). *See also Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, No. 03-cv-4986, 2004 U.S. Dist. LEXIS 22563, at *18 (N.D. Ill. Nov. 5, 2004) ("[G]iven the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.").

The Ninth Circuit has recognized that "the purposes of the Lanham Act can be accomplished by making acts of deliberate trademark infringement unprofitable." *Maier Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 123 (9th Cir. 1968). Specifically, willful internet-based counterfeiting has resulted in significant damages awards due to high market exposure. *See, e.g., BMW of N. Am., LLC v. Cuidin*, No. 5:17-cv-02471, 2018 BL 458414, at *8 (C.D. Cal. Dec. 10, 2018) (awarding $175,000 in statutory damages after default judgment, finding "sales attributed to Defendants' Paypal and eBay accounts undervalues the likely extent of Defendant's **counterfeit** sales" (emphasis added)); *Monster Energy Company v. Meng Chun Jing, et al.*, No. 1:15-cv-00277, 2015 BL 214782, at *5 (N.D. Ill. July 6, 2015) (holding that AliExpress "is a busy website that provides the potential to reach a vast customer base."); *Luxottica USA LLC v. The P'ships & Unincorporated*

*Ass'ns,* No. 1:14-cv-09061, 2015 BL 194355 (N.D. Ill. June 18, 2015) ($150,000

awarded for three infringed marks based on defendant's online sale of counterfeit

goods); *Rolex Watch U.S.A., Inc. v. Jones*, No. 1:99-cv-02359, 2002 BL 1348, at *6

(S.D.N.Y. Apr. 17, 2002); (holding that an award of $25,000 for each category of

trademarked goods would be inadequate in view of the virtually limitless number of

available customers on the Internet; *Louis Vuitton Malletier, S.A. v. Mosseri*, No.

2:07-cv-02620, 2009 BL 234287, at *3–4 (D.N.J. Oct. 28, 2009) (awarding over $4

million in total statutory damages, finding that defendant's operation of its

counterfeit goods enterprise on the Internet exponentially increased the damages);

*Burberry Ltd. v. Designers Imports, Inc.*, No. 1:07-Cv-03997, 2010 BL 10512, at

*10–11 (S.D.N.Y. Jan. 19, 2010) (awarding $100,000 per mark per type of goods,

finding that a large award was necessary because of "defendant's ability to reach a

vast customer base through internet advertising").

    In the instant case, Daimler expends substantial resources to advertise and

promote its brand, and to provide high quality goods and services.  (SMF ¶¶ 2-3)

Indeed the Ninth Circuit has referred to the fame of Daimler's Three Point Star

design.  *See AuTomotive Gold,* 457 F.3d 1062, 1067 (9th Cir. 2006) ("Famous

trademarks have an exalted status of their own in today's consumer culture . . .

Consumers sometimes buy products bearing marks such as . . . the Mercedes tri

point star . . . for the appeal of the mark.")  The facts show that MERCEDES-BENZ

is not used by the public as a generic term, but rather to refer to a particular brand of

cars and parts for those cars.  (SMF ¶¶ 2-5.)  The Defendants admitted the Daimler Mercedes-Benz brand of vehicles has been and continues to be recognized worldwide.  (SMF ¶ 2).  Because of the extensive use of the DAIMLER Marks in connection with genuine products sold in the United States, including automotive wheels (SMF ¶¶ 2-5), the DAIMLER Marks function as universal identifiers associated with Daimler's reputation and standards for quality.

Defendants' willful use of counterfeit marks in the instant case, seemingly unabated by the Court's August 13, 2018 Order holding them liable for infringement and counterfeiting of the DAIMLER Marks, is precisely the type of wrongful conduct that warrants a high statutory award.  Accordingly, Daimler respectfully requests the Court's entry of an award of $2,000,000 against the Defendants for willful counterfeiting of each of the DAIMLER Marks.

**C.    Daimler is Entitled to Injunctive Relief**

This Court should grant a permanent injunction to prevent the Defendants from further counterfeiting of the DAIMLER Marks because Daimler has suffered an irreparable injury; the remedies available at law such as monetary damages, are inadequate to compensate for that injury; the balance of hardships weighs in Daimler favor; and the public interest would be served by a permanent injunction. *See e.g., La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014).

Daimler asks this Court to issue a permanent injunction against the Defendants providing at least: 1) a prohibition against the Defendants importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit wheels bearing the DAIMLER Marks; and 2) a prohibition against the Defendants assisting, aiding or abetting any other person or entity in importing, purchasing, distributing, selling, offering for sale, or otherwise using in commerce any counterfeit wheels bearing the DAIMLER Marks.

Here, Daimler has demonstrated actual success on the merits of its trademark counterfeiting claims as to the DAIMLER Marks.  (SMF ¶¶ 6-10**.)**

Further, "once infringement is shown, irreparable injury is generally presumed in a trademark case." *T-Mobile USA, Inc. v. Terry,* 862 F. Supp. 2d 1121, 1133-34 (W.D. Wash. 2012)*; see also Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3f 629, 633 (9th Cir. 2007) ("Once the plaintiff has demonstrated a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted.")

Without even considering the legal presumptions to which it is entitled under the law in this Circuit, Daimler will suffer irreparable harm if Defendants are allowed to continue advertising, offering for sale, and selling products bearing and/or using counterfeits of the DAIMLER Marks.  Without a permanent injunction, Defendants will continue to advertise, offer for sale, and sell products bearing and/or using counterfeits of the DAIMLER Marks.  For example, despite the Court's

August 13, 2018 Order granting partial summary judgment on Defendants' counterfeiting, Defendants have continued to operate the USARim site and sell counterfeit wheels using the DAIMLER Marks.  (SMF ¶¶ 11-22.**)**  Daimler submits that this continued counterfeiting, on top of the counterfeiting that occurred following the filing of Daimler's first complaint in April 2016, are compelling indications that the Defendants will continue to sell goods using counterfeits of the DAIMLER Marks in the marketplace.  *See e.g., T-Mobile USA, Inc.,* 862 F. Supp. at 1133-34.  Such counterfeits would lead to Daimler's lost sales.  Moreover, because products for which Defendants used and continue to use counterfeit marks have failed to meet the expectations of at least some consumers (*see* SMF ¶ 32), the DAIMLER Marks inevitably have been or will be diluted.  In short, Daimler will suffer irreparable harm absent the imposition of a permanent injunction.

Next, as to inadequate remedies at law, permanent injunction is a particularly appropriate remedy in a trademark action as there are no adequate remedies at law for Defendants' infringement, especially when there is no assurance that the infringing defendants will cease their misconduct.  *See, e.g., Champion-Cain v. McDonald*, No. 3:14-cv-02540, 2018 BL 248466, at *9 (S.D. Cal. July 12, 2018).  As discussed above, it is highly unlikely that Defendants will cease counterfeiting the DAIMLER Marks, as they have continued to operate the USARim website and to use counterfeits of the DAIMLER Marks to offer for sale and sell wheels.  (SMF ¶¶ 11-22**).**  As recently as September 17, 2019—after the Court's determination of

trademark infringement and counterfeiting by Defendants—Daimler's investigator was able to purchase, from the USARim website, four wheels that were advertised as "Mercedes Benz Wheels" and bore marks identical to the Three-Point Star Marks, but were not made or authorized by Daimler.  (SMF ¶¶ 19-22).  As to Defendants' likely future conduct, it is noteworthy that many of the Defendants are no stranger to this court or allegations of trademark infringement.  *See* Complaint, *Jaguar Land Rover Ltd. v. A-Z Wheels LLC et al.*, No. 3:13-cv-00878 (S.D. Cal. Apr. 11, 2013).  Additionally, absent the imposition of a permanent injunction, Daimler would be forced to repeatedly file suit any time Defendants infringe Daimler's trademark rights in the future.  *See e.g., T-Mobile,* 862 F. Supp. 2d at 1133-34.  Thus, there are no adequate remedies at law for Defendants' continuing counterfeiting.

Next, the balance of hardship weighs strongly in favor of Daimler. Refraining from willful trademark infringement and counterfeiting will not place any hardship on the Defendants as they will merely have to comply with the law. *See, e.g., Champion-Cain v. McDonald*, No. 3:14-cv-02540, 2018 BL 248466, at *9 (S.D. Cal. July 12, 2018); *T-Mobile USA*, 862 F. Supp. 2d at 1552 ("the monetary benefits that Defendant receives from his actions are not benefits to be protected" (citing *Ty, Inc. F. GMA Accessories, Inc.*, 959 F. Supp. 936, 945 (N.D. Ill. 1997) ("Loss of profits from infringing products warrant little consideration in the balancing of harms analysis"))).

Finally, the issuance of the permanent injunction requested by Daimler serves the public interest by preventing confusion between the Defendants' counterfeit products and those of Daimler because the public has an interest in avoiding confusion. *See, e.g., Internet Specialties W., Inc. v. Milon-Digiorgio Enters., Inc.,* 559 F.3d 985, 993-94 (9th Cir. 2009).

For at least these reasons, this Court should issue Daimler's requested permanent injunction against the Defendants.

### D.   This Case Is Exceptional, Meriting Attorney's Fees

Daimler is entitled to attorney's fees in this action as this case is exceptional in light of Defendants' litigation position and the unreasonable manner in which Defendants have litigated the case. *See, e.g., SunEarth, Inc. v. Sun Earth Solar Power Co.,* 839 F.3d 1179, 1180 (9th Cir. 2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014)). When a litigation itself is not a sufficient deterrent, an award of attorney's fees may be supported by the totality of the circumstances. *Cree, Inc. v. Flyt E-Commerce Servs., Inc.,* No. 2:16-cv-05208, 2017 BL 528008, at *9–10 (C.D. Cal. Oct. 31, 2017).

This case fits neatly into the exceptional category of cases, as Defendants have generally showed a lack of cooperation and disrespect for the judicial process, refused to cooperate in discovery, violated the Court's discovery orders (SMF ¶ 33),

and continued brazenly to infringe in the face of this Court's finding of summary judgment of counterfeit trademarking (SMF ¶¶ 11-22). [1]

The Defendants advertised and sold thousands of wheels, many of which appear to have been counterfeit versions that featured the DAIMLER Marks in their offers for sale and/or affixed to the wheels prior to shipment.   (SMF ¶¶ 11-25). Daimler's complaint has always alleged that this counterfeiting was willful and deliberate, and, in response, Defendants have only generally denied the claims and stood behind a misguided fair use defense which this Court rejected in its August 13, 2018 Order granting partial summary judgment.   Further, Daimler has presented evidence that supports its claim that, during the pendency of this case, and especially after Summary Judgment of Counterfeiting was granted, Defendants have continued to advertise and sell counterfeit wheels.   (SMF ¶¶ 11-22**).   Additionally, Defendants unreasonable conduct during litigation in general, and specifically during discovery, has resulted in sanctions awards and numerous unnecessary hearings.   (SMF ¶ 33).   Thus, the litigation itself has not been a sufficient deterrent, and the totality of the circumstances support an award of attorney's fees.

For at least these reasons, Daimler is entitled to attorney's fees under 15 USC § 1117(a).

---

[1] One representative instance of Defendants' cavalier attitude toward the judicial process is reflected in Defendant Rasool Moalemi's deposition testimony.   (SMF ¶ 31).

IV.    **CONCLUSION**

For the foregoing reasons, this Court should grant summary judgment for statutory damages of $6 million for willful trademark counterfeiting with respect to the DAIMLER Marks, grant a permanent injunction against the Defendants, and award Daimler attorney's fees.

Respectfully submitted,

Dated: October 31, 2019          **THE MARBURY LAW GROUP, PLLC**

By:    /s/ Shauna M. Wertheim
Shauna M. Wertheim (*pro hac vice*)
Michael St. Denis
Attorneys for Plaintiff