1

2

3  MICHAEL ST. DENIS PROFESSIONAL CORPORATION
Michael St. Denis (CA Bar No. 147952)
4  2916 Deep Valley Drive
Palos Verdes Peninsula, California 90274
5  Telephone: (310) 378-4700
Facsimile:  (310) 378-8722
6  Email:  mike@mikestdenislaw.com

7

8  THE MARBURY LAW GROUP, PLLC
Shauna M. Wertheim, *Pro Hac Vice*
9  Timothy W. Johnson, *Pro Hac Vice*
Joanna L. Cohn, *Pro Hac Vice*
10 11800 Sunrise Valley Drive, 15th Floor
Reston, Virginia 20191
11 Telephone:  (571) 267-7002
Facsimile:   (703) 391-2901
12 Email: swertheim@marburylaw.com
        tjohnson@marburylaw.com
13        jcohn@marburylaw.com
14

15

16 Attorneys for Plaintiff MERCEDES-BENZ GROUP AG

17              **UNITED STATES DISTRICT COURT**

18             **SOUTHERN DISTRICT OF CALIFORNIA**

19

| | |
|---|---|
| 20  **Mercedes-Benz Group AG**,<br>    a German corporation, | Case No. 3:16-cv-00875-JLS-MDD |
| 21 | **PLAINTIFF MERCEDES-BENZ** |
|                      Plaintiff, | **GROUP AG'S MEMORANDUM IN** |
| 22 | **SUPPORT OF AWARD OF** |
|      v. | **DAMAGES FOR DEFENDANTS'** |
| 23 | **CONTEMPT OF COURT AND** |
| **A-Z Wheels LLC,** *et al.*, | **DETERMINATION OF AMOUNT** |
| 24 | **TO BE AWARDED** |
|                      Defendants. | |
| 25 | |
| 26 | Date:    June 30, 2022 |
|     | Time:    1:30 PM |
| 27 | Judge:   Hon. Janis L. Sammartino |
|     | Crtrm:   4D |
| 28 | |

-i-                Plaintiff Memorandum in Support of Award of Damages for Defendants'
                      Contempt of Court and Determination of Amount to be Awarded
                                    Case No. 3:16-cv-00875-JLS-MDD

# TABLE OF CONTENTS

I.    INTRODUCTION.......................................................................................1

II.   CURRENT STATUS .................................................................................4

III.  ARGUMENT ...............................................................................................5

   A. Plaintiff should be awarded maximum statutory damages pursuant to
      15 U.S.C. §1117(c)(2) .............................................................................6

   B. Alternatively, Plaintiff should be awarded maximum statutory damages
      pursuant to 15 U.S.C. §1117(c)(1) .....................................................10

   C. Plaintiff should be awarded attorneys' fees and costs............................15

IV.  CONCLUSION.........................................................................................16

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*BMW of N. Am., LLC v. Arion Euthenia, LLC*,
  2018 BL 24172 (C.D. Cal. Jan. 23, 2018) .........................................................9, 10

*Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233 (5th Cir. 1988) .............................7

*Chloe SAS v. Sawabeh Information Services Company,* 2015 WL 12763541............9

*Donovan v. Burlington N., Inc.* 781 F.2d, 680 (9th Cir. 1986) ..................................15

*F.W. Woolworth Co. v. Contemporary Arts*, Inc., 344 U.S. 228 (1952) ..................10

*Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512 (11th Cir. 1990) ...................5

*Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998 (9th Cir. 2004) ...............5

*Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*,
  No. 03-cv-4986, 2004 U.S. Dist. LEXIS 22563 (N.D. Ill. Nov. 5, 2004) .......6, 10

*Perry v. O'Donnell*, 759 F.2d 702 (9th Cir. 1985) ...................................................15

*Philip Morris USA Inc. v. Castworld Products, Inc*.,
  219 F.R.D. 494 (C.D. Cal. 2003).................................................................10, 11

*Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 685 (W.D. Tex. 2008) ....................8

*Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119 (C.D. Cal. 2007) ....................7

*Playboy Enterprises, Inc. v. Asiafocus Intern. Inc., et al.*,
  No. Civ. A. 97-834-A, 1998 WL 724000 (E.D. Va. Apr. 10, 1998)...................11

*Rickard v. Auto Publisher, Inc.*, 735 F.2d 450 (11th Cir. 1984) ...............................5

*Rolex Watch USA Inc. v. Meece*, 158 F.3d 816 (5th Cir. 1998) .................................7

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

*Sara Lee Corp. v. Bags of New York, Inc.,*
    36 F. Supp. 2d 161 (S.D.N.Y. 1999) ............................................................... 11, 13

*Stone v. City & County of San Francisco*, 960 F.2d 850 (9th Cir. 1992) .................... 6

*Tony Jones Apparel, Inc. v. Indigo USA LLC,*
    2005 BL 21466 (N.D. Ill. July 11, 2005) ............................................................ 5

*United States v. United Mine Workers of America*, 330 U.S. 258 (1947) .................. 5

*W.E. Bassett Co. v. Revlon, Inc.*, 305 F. Supp. 581, 594 (S.D.N.Y. 1969) ................ 6

**Statutes**

15 U.S.C. § 1117(c) ....................................................................................... 11
15 U.S.C. § 1117(c)(1) .................................................................................. 10
15 U.S.C. § 1117(c)(2) ............................................................................. 6, 10

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

# I.   INTRODUCTION

Plaintiff Mercedes-Benz Group AG, ("Mercedes-Benz" or "Plaintiff"), by and through undersigned counsel, files this Memorandum in Support of an Award of Damages for Contempt of Court by Defendants A-Z WHEELS LLC d/b/a USARIM, USARIM.COM, and EUROTECH WHEELS, GALAXY WHEELS & TIRES, LLC, and INFOBAHN INTERNATIONAL, INC. d/b/a INFOBAHN, EUROTECH, EUROTECH LUXURY WHEELS, EUROTECH WHEELS and USARIM (collectively, "the Entity Defendants") and RASOOL MOALEMI a/k/a RUSS MOALEMI, d/b/a ABC WHEELS, XYZ WHEELS, OEMWHEELPLUS, USARIM, GALAXY WHEELS, A-Z WHEELS, and EUROTECH (collectively, the Entity Defendants and Russ Moalemi are referred to as the "Defendants") as instructed by this Court in the Order Setting Briefing Schedule and Hearing Date (ECF No. 161).

On November 2, 2020, the Court granted Plaintiff a permanent injunction against Defendants with respect to the following federally-registered trademarks (collectively, the "MERCEDES-BENZ Judgment Marks"):

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

| Mark | U.S. Reg. No. |
|------|---------------|
| **MERCEDES-BENZ** | 657,386 |
|  | 3,614,891 |
|  | 4,423,458 |

(*See* ECF No. 127, at 18–19.)   Specifically, the permanent injunction prohibited Defendants and their representatives from "[i]nfringing any of the DAIMLER Marks,[1] including U.S. Reg. No. 657,386, U.S. Reg. No. 3,614,891, and U.S. Reg. No. 4,423,458," from "[m]anufacturing, reproducing, copying, importing, using,

---

[1] Effective April 28, 2022, with the Court's entry of the Order granting Plaintiff's Motion to Amend Caption (ECF No. 163), all references to Daimler AG name and marks herein are to Mercedes-Benz Group AG and/or Mercedes-Benz marks, except where Plaintiff's and its intellectual property is referred to in quotes or titles to court filings made prior to entry of that Order.

selling, offering to sell, advertising, promoting, displaying, licensing, transferring, distributing, receiving, shipping, or delivering any infringing products bearing marks that are identical to, substantially indistinguishable from, or confusingly similar to any of the DAIMLER Marks," from "[e]ngaging in any conduct that tends to falsely represent, or is likely to confuse, mislead, or deceive purchasers and/or members of the public to believe, that the products sold by Defendants, are connected with, sponsored, approved, or licensed by Daimler, or are in some way affiliated with Daimler," and from "assisting, aiding or abetting any such actions," and required Defendants within 30 days to remove the MERCEDES-BENZ Judgment Marks or marks identical or confusingly similar from their products and website. (Order, ECF No. 127, at 18–19.) However, Defendants failed to comply with the permanent injunction, leading to the present contempt proceedings.

In an Order dated January 31, 2022 (ECF No. 158), the Court granted Plaintiff's motion to hold Defendants in contempt for their violation of the permanent injunction. Specifically, the Court held that "[b]ased on the evidence before the Court, both attached to Plaintiff's motion and presented at the hearing, it is undisputed that Defendant Moalemi and the Entity Defendants have failed to comply with the permanent injunction issued by the Court on November 2, 2020," and that an order of contempt would serve both a coercive and compensatory purpose. (ECF No. 158, at 8–11.)

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

The Court set a hearing for June 30, 2022, for a determination of appropriate contempt sanctions to be entered against Defendants in conjunction with the Order Granting Contempt.  (*See* ECF No. 161.)  Plaintiff files this Memorandum in support of the award to be entered by the Court for contempt against Defendants.

## II.    CURRENT STATUS

In the Parties' Joint Status Report regarding Compliance with the Court Order dated January 31, 2022 (ECF No. 158), the Defendants stated that they had complied with Court's permanent injunction "but for the contempt finding concerning items related to the 'twelve center caps resembling Mercedes Benz center caps from Mr. Blue."  (ECF No. 160, at 2–3.)  With respect to the requirements to produce an accounting the profits received from the marketing and sale of products in violation of the permanent injunction, source information and transaction documents for the subject goods, and information regarding all financial accounts used in connection with the purchase or sale of the subject products, Defendants simply stated that they have no more documentation other than what was presented at the November 30, 2021 hearing.  (*See id.*, at 3–8.)  With respect to the requirement to destroy or dispose of subject products and produce and accounting for such destruction or disposal to Plaintiff, Defendants stated that "Defendants have destroyed all inventory in the process of closing down all of their business operations."  (*See id.*, at 7.)  The only documentation that purports to support such compliance is a self-serving Declaration

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

from Russ Moalemi that merely echoes the statements of the Joint Status Report. (*See id.*, Ex. 1.).

As set forth in the Joint Status Report (ECF No. 160), Plaintiff submits that Defendants alleged compliance is entirely inadequate.  In particular, leading up to and during the hearing on November 30, 2021, Defendants produced no documents addressing their profits, source information, or transaction documents for any wheel sets and/or center caps sold, including those wheel sets sold to Plaintiff. (*See* Joint List of Witnesses and Exhibits, ECF No. 154; Exhibit List-Evidentiary Hearing, ECF No. 157.)  The Declaration of Russ Moalemi submitted with the Joint Status Report is not an accounting, and fails to address the underlying contempt of Defendants' continuing sale, offer to sell, and shipment of counterfeit product.  Moreover, the exhibits attached to Russ Moalemi's Declaration – a receipt for the recycling of unspecified aluminum wheels and cardboard and a copy of a judgment for the possession of real property – were irrelevant to providing an accounting of profits, source information or transaction documents, and were not probative of Defendants' compliance with the Court's Order of Contempt (ECF No. 158).

## III.   ARGUMENT

The Court has broad discretion to fashion civil contempt sanctions in Lanham Act Trademark infringement cases.  *See United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947); *Howard Johnson Co., Inc. v. Khimani*, 892

-5-          Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

F.2d 1512, 1516 (11th Cir. 1990).  Courts do not have to follow any rigid formula and have wide discretion in deciding the amount of an award.  *Tony Jones Apparel, Inc. v. Indigo USA LLC,* 2005 BL 21466, at *9 (N.D. Ill. July 11, 2005) (willfulness found for statutory damages based on defendant's actions "where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights").

A district court's use of the Lanham Act to guide its structuring of the civil contempt sanction is reasonable and within its discretion.  *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004).  *Rickard v. Auto Publisher, Inc.*, 735 F.2d 450, 458-59 (11th Cir. 1984) (suggesting that Lanham Act could be followed in determining contempt sanctions in trademark infringement case); *W.E. Bassett Co. v. Revlon, Inc.*, 305 F. Supp. 581, 594 (S.D.N.Y. 1969) (following Lanham Act in imposing contempt sanction for violation of preliminary injunction), *aff'd in part, rev'd in part,* 435 F.2d 656 (2d Cir. 1970) (reversing only the district court's denial of profit damages).

### A. Plaintiff should be awarded maximum statutory damages pursuant to 15 U.S.C. §1117(c)(2)

For statutory damages under the Lanham Act, "if the court finds that the use of the counterfeit mark was willful," statutory damages may be awarded in an amount of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). One factor

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

among many in measuring contemptuous defiance is the defendants' ongoing infringing conduct during the pendency of a contempt motion. *Stone v. City & County of San Francisco*, 960 F.2d 850, 856 (9th Cir. 1992); *see also Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, No. 03-cv-4986, 2004 U.S. Dist. LEXIS 22563, at *18 (N.D. Ill. Nov. 5, 2004) ("[G]iven the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.").

There is no question about Defendants' intent to continue to infringe the MERCEDES-BENZ Judgment Marks by selling infringing products, as shown by the evidence presented in the hearing on Plaintiff's Motion for Contempt (ECF No. 146). As noted by the Court, "[n]o reasonable interpretation of the injunction would permit Defendants to continue to sell infringing product," which the evidence presented clearly establishes took place. (ECF No. 158, at 7.) As further noted by the Court, "Defendants make no argument that they have substantially complied with the injunction or that the sale of the infringing center caps was based on a good faith and reasonable interpretation of the injunction," and "have made no argument as their inability to comply." (ECF No. 158, at 7–8.)

Further, such continued infringement was clearly willful, as Defendants have repeatedly made empty self-serving statements about their actions that have later not held up. For example, in 2019, in their Opposition to Plaintiff's Motion for Partial

Summary Judgment, Russ Moalemi presented a Declaration stating that Defendants were no longer selling non-genuine center caps.  (*See* ECF No. 122-1 ¶ 5.)

As stated by the Court in the November 2, 2020 Order (ECF No. 127), a defendant acts willfully "if he knows his actions constitute an infringement." *Rolex Watch USA Inc. v. Meece*, 158 F.3d 816, 826 (5th Cir. 1998) (quoting *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988)).  Willfulness is established when there is evidence that the defendant acted knowingly or "willfully blinded himself to facts that would put him on notice that he was infringing another's trademarks." *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007).  In deciding willfulness, courts have considered factors including whether the defendant ceased using the counterfeit goods upon receiving notice of the infringing nature of his conduct, whether the defendant believed in good faith that his use of a trademark was lawful, whether the defendant attempted to verify the authenticity of goods, and whether the defendant actively defended against the infringement claims. *Philip Morris USA Inc. v. Lee*, 547 F. Supp. 2d 685, 694 (W.D. Tex. 2008) (citations omitted).

Here, Defendants acted willfully when they continued to infringe the MERCEDES-BENZ Judgment Marks despite the permanent injunction, showing blatant disregard for the Court's orders and authority.  Not only have Defendants ignored the permanent injunction order issued almost 18 months ago, but Defendants continue to defy the Court's schedule for: (i) accounting of all profits received from

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

the marketing and sale of products in violation of the permanent injunction; (ii) production of source information and transaction documents for the subject products; (iii) production regarding financial accounts used in connection with the purchase or sale of the subject products; and (iv) accounting of destruction or disposal of products. (*See* ECF No. 158, at 11.)  Incredibly in response to the Court's Order, Defendants represent with respect to the Permanent Injunction Order that they have "complied" (but for the contempt finding concerning items related to the center caps) (*see* ECF No. 160 at 2), when they ignore the fact that they sold the infringing center caps with four complete wheel packages.  Further, Defendants do not provide any evidence to substantiate their current claim of compliance.  With respect to accounting of profits, production of source information and transaction documents and information regarding *Defendants'* financial accounts, Defendants state that all responsive documentation was presented "mostly by Plaintiff"; in fact, Defendants produced no documents. (Joint Status Report, ECF 160 at 3-6.) As to destruction of inventory, Defendants claim that they "have destroyed all inventory" (ECF 160, at 7), but the center caps at issue in this contempt proceeding are in Plaintiff's possession, and any additional caps or subject products have still not been accounted for.

Thus, *in the face of the Court's most recent Order of Contempt, dated January 31, 2022,* Defendants casually continue to defy the Court's orders, leaving little doubt about the willfulness of Defendants' behavior.  Even when given an opportunity to try to rehabilitate their position after the finding of contempt, Defendants provide no

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

evidence to demonstrate compliance or otherwise give this Court confidence in Defendants' willingness to comply.

Plaintiff should be awarded a maximum statutory damages award of $6,000,000 (i.e., $2,000,000 for each of the MERCEDES-BENZ Judgment Marks at issue in this contempt).  *See, e.g., Chloe SAS v. Sawabeh Information Services Company* 2015 WL 12763541, at *1 ("the court granted summary judgment on the issue of willfulness because the defendants "continued to permit the sale of counterfeit goods . . . in direct disregard of [the] court's order to stop the activities.").  It is well-accepted that "[t]his [$2,000,000 statutory damages] award serves to deter Defendant[s] and similarly situated counterfeiters from future trademark infringement." *BMW of N. Am., LLC v. Arion Euthenia, LLC*, 2018 BL 24172, at *5 (C.D. Cal. Jan. 23, 2018).  Apart from any compensatory and coercive purposes served by this award, it will also send a significant message to other counterfeiters that such infringing behavior and recalcitrance in face of injunctions will not be tolerated.

**B. Alternatively, Plaintiff should be awarded maximum statutory damages pursuant to 15 U.S.C. §1117(c)(1)**

Regardless of whether damages under 15 U.S.C. § 1117(c)(2) are found to be warranted, Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117(c)(1) in an amount of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

just." *See, e.g., Lorillard Tobacco Co. v. S & M Central Serv. Corp.*, 2004 WL 2534378 at *3 (N.D. Ill Oct. 27, 2005).  Courts determining statutory damages under the Lanham Act have analogized to the body of case law interpreting a similar provision under the Copyright Act.  *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003).  The "Supreme Court has held that deterrence of future infringement is an important factor in determining damages under the Copyright Act, and therefore an award of statutory damages need not equal the amount of a plaintiff's actual damages."  *Id.* (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952)); *see also BMW of N. Am., LLC*, 2018 BL 24172, at *6.  For example, in *Philip Morris*, the court found that a statutory award of $200,000 was "reasonably calculated to serve" the stated purposes of the Lanham Act.  219 F.R.D. at 501-2.

Plaintiff notes that "[s]tatutory damages are most appropriate when infringer nondisclosure during fact finding leaves damages uncertain."  *Sara Lee Corp. v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).  That is, infringer nondisclosure is a key reason for statutory damages.  *See, e.g., Playboy Enterprises, Inc. v. Asiafocus Intern. Inc., et al.*, No. Civ. A. 97-834-A, 1998 WL 724000 (E.D. Va. Apr. 10, 1998); *see also, e.g., Sara Lee Corp*, 36 F. Supp. 2d at 166 (noting that the problem of counterfeiters not keeping or providing records makes proof of the

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

extent of counterfeiters' profits practically impossible and motivated the enactment of 15 U.S.C. § 1117(c)).

In the present case, Defendants have failed to produce the information requested by the Court to enable any determination of Defendants' actual profits for sales that violated the permanent injunction.  Such lack of compliance should not be rewarded, and Defendants are not entitled to any presumptions in their favor.  In other words, because they have not been forthcoming with information or data relating to their sales, inventory, or purported liquidation, an award of maximum statutory damages against Defendants – i.e., $600,000 ($200,000 per mark) – is entirely appropriate.

Additionally, an award of the maximum statutory damages is in line with a reasonable estimate of the historical sales and profit performance of Defendants. While Defendants have not produced any information related to actual profits for the sales that violated the permanent injunction, Plaintiff has previously submitted in this case records of some of Defendants' sales through a portion of the sales channels used by Defendants, specifically Amazon, eBay, and PayPal.  (*See* Separate Statement of Undisputed Material Facts In Support Of Plaintiff Daimler AG's Motion For Partial Summary Judgment, ECF No. 120-1, at 11–12 & Exhibit Q, ECF Nos. 120-18 – 120-29.)  These records and the statements about them were uncontested by Defendants. (*See* Opposition to Plaintiff's Motion for Partial Summary Judgment, ECF No. 122;

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

*See* Plaintiff Daimler AG's Reply Memorandum In Further Support Of Its Motion For Partial Summary Judgment, ECF No. 123.)

These records from Amazon, eBay, and PayPal account for some sales transactions by Defendants from March 2010 to June of 2017. (*See* Exhibit Q, ECF Nos. 120-18– 120-29.)  These records do not appear to account for USARIM website transactions, closed accounts, or other sales channels.  (*See* Separate Statement of Undisputed Material Facts In Support Of Plaintiff Daimler AG's Motion For Partial Summary Judgment, ECF No. 120-1, at 11–12.)  Thus, these sales channels represent only a portion of the pathways in which Defendants may have made sales and realized profits on the Judgment Marks.

Analysis of these Amazon, eBay, and PayPal records shows that through these sales channels (that are less than all of Defendants' sales channels), over that eighty-eight (88) month period Defendants realized approximately $2,987,668 in sales that used the "MERCEDES-BENZ" word mark, U.S. Reg. No. 657,386.  That works out to an average sales amount of $33,950.77 per month.

While the records do not cover the eleven-month period from the Court's November 2, 2020 grant of a permanent injunction against Defendants (*See* ECF No. 127, at 18–19) to Plaintiff's Motion For Contempt filing on October 4, 2021 (*See* ECF No. 146), Plaintiff submits that as Defendants have not produced any information related to actual profits for the sales that violated the permanent injunction,

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

extrapolating likely sales for the eleven (11) month period based on partial sales in the eighty-eight (88) month period for which the Amazon, eBay, and PayPal records are available is appropriate and similar to estimated calculations that other courts have undertaken. *See e.g., Sara Lee*, 36 F. Supp. 2d at 166-70. Using such an estimated calculus, the average sales over the eleven (11) month period would be expected to be greater than approximately $373,458 using the "MERCEDES-BENZ" word mark, U.S. Reg. No. 657,386 (i.e., $33,950.77 per month for eleven (11) months). Based on Defendants' claimed profit realization of 15% (*see* Separate Statement of Undisputed Material Facts In Support Of Plaintiff Daimler AG's Motion For Partial Summary Judgment (ECF No. 120-1, ¶¶ 23-32), Plaintiff estimates Defendants made at least $56,018 (i.e., 15% of $373,458) through less than all of Defendants' sales channels and on just using the "MERCEDES-BENZ" word mark, U.S. Reg. No. 657,386. As this estimate is merely related to a portion of Defendants' sales and sales channels, Plaintiff submits that an award of the maximum statutory damages, i.e., $200,000, is in line with a reasonable estimate of only a portion of Defendants' sales and sales channels realizing at least an estimated $56,018 in net profit for a single mark.

Because each time Plaintiff has purchased a set of wheels from Defendants in undercover buys those wheels have included counterfeit marks of the Three-Point Star Marks, (U.S. Reg. Nos. 3,614,891 and 4,423,458), it is reasonable to conclude that at

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

least all of Defendants' sales using the "MERCEDES-BENZ" word mark (U.S. Reg. No. 657,386) have also used the counterfeit marks of the Three-Point Star Marks. Thus, at least the same sales profit estimate would apply to those marks, i.e., at least an estimated $56,018 in profit for each mark.  Plaintiff submits that an award of the maximum statutory damages, i.e., $200,000, is in line with a reasonable estimate of only a portion of Defendants sales and sales channels realizing at least an estimated $56,018 in profit for each of the Three-Point Star Marks").  Accordingly, Plaintiff submits that an award of maximum statutory damages against Defendants—i.e., $600,000 ($200,000 per mark)—is entirely appropriate and reasonable.

### C. Plaintiff should be awarded attorneys' fees and costs

In addition to the award of any other damages, attorneys' fees and costs are entirely appropriate here as a measure of additional damages suffered by Plaintiffs. Plaintiffs have borne the cost of bringing Defendants' non-compliance to the attention of the Court.  *See Donovan v. Burlington N., Inc.* 781 F.2d, 680, 684 (9th Cir. 1986) ("[T]he cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party and those costs would reduce any benefits gained by the prevailing party from the court's violated order." (quoting *Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985)).  Moreover, Defendants' utter lack of respect for the law and the orders of this Court by has been particularly egregious. The Court's order of a permanent injunction against any and all use of the

MERCEDES-BENZ Judgment Marks was clear on its face. As noted in the Court's Order Granting Plaintiff's Motion for Contempt, "no reasonable interpretation of the injunction would permit Defendants to continue to sell infringing product," and, as previously noted, "Defendants have made no argument as to their inability to comply." (ECF No. 158, at 7-8.)  Even if Defendants' behavior were not purposeful – which Plaintiff in no way concedes – "civil contempt need not be willful to justify a discretionary award of fees and expenses." *Id.*

Through March 31, 2022, Plaintiff has incurred $78,970.00 in attorneys' fees and $15,414.17 in disbursements associated with the instant Motion for Contempt. (Ex. A, Wertheim Decl. ¶ 5 - 6.)  Plaintiff anticipates incurring additional costs and fees responding to Defendants' opposition to this brief in support of contempt sanctions, and preparing for, traveling to, and attending the hearing on this motion. With the Court's permission, Plaintiff will update the amount of attorneys' fees and costs it incurs associated with that additional activity.

## IV.   CONCLUSION

Defendants' course of conduct has been one of continual disregard for the law, the Orders of this Court, and the intellectual property rights of Plaintiff.  In light of their willful behavior, including complete non-disclosure of information that would help the parties and this Court measure the appropriate level of damages, statutory

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

damages – in addition to attorneys' fees and costs – are merited in the amount of $6 million ($2 million per mark), or alternatively, $600,000 ($200,000 per mark).

Respectfully submitted,

Dated: April 28, 2022               **THE MARBURY LAW GROUP, PLLC**

By: /s/ Shauna M. Wertheim
        Shauna M. Wertheim (*pro hac vice*)
        Michael St. Denis
        Attorneys for
           Plaintiff Mercedes-Benz Group AG

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2022, I electronically transmitted Plaintiff's Memorandum in Support of Award of Damages for Defendants' Contempt of Court and Determination of Amount to be Awarded, using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Shauna M. Wertheim
Shauna M. Wertheim

Plaintiff Memorandum in Support of Award of Damages for Defendants'
Contempt of Court and Determination of Amount to be Awarded
Case No. 3:16-cv-00875-JLS-MDD