UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERECES-BENZ GROUP AG, a German corporation,<br><br>Plaintiff,<br><br>v.<br><br>A-Z WHEELS LLC d/b/a USARim.COM; EUROTECH WHEELS, a California company; GALAXY WHEELS & TIRES, LLC, a California company; INFOBAHN INTERNATIONAL, INC. d/b/a INFOBAHN; EUROTECH; EUROTECH LUXURY WHEELS; EUROTECH WHEELS; USARim; RYAN MOALEMI, an individual; RASOOL MOALEMI a/k/a RUSS MOALEMI, an individual; JOSHUA MOALEMI, an individual; and Does 1-10 inclusive,<br><br>Defendants. | Case No.: 16-CV-875 JLS (MDD)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(ECF No. 168) |

Presently before the Court is Plaintiff Mercedes-Benz Group AG's Motion for Attorneys' Fees and Costs ("Mot.," ECF No. 168). Also before the Court are Defendants' Opposition to ("Opp'n," ECF No. 169) and Plaintiff's Reply in support of ("Reply," ECF No. 170) the Motion. The Court found this matter appropriately decided on the papers

without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 167. Having considered the Parties' arguments and the law, the Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff attorneys' fees in the amount of $109,938.00 plus costs in the amount of $15,414.17, for a total award of $125,352.17.

## BACKGROUND

Given the Parties' and this Court's familiarity with the facts of this case, the Court incorporates by reference the Background section from the Court's June 23, 2022 Order, *see* ECF No. 167 (the "Order") at 2–4, which granted in part Plaintiff's request for contempt sanctions. Thus, the Court sets forth here only the facts and background relevant to the present Motion.

The Order awarded Plaintiff compensatory sanctions as well as a forward-looking coercive sanction to compel Defendants' compliance with the permanent injunction previously issued in this matter. *See* Order at 9. The Order also found that Plaintiff was entitled to an award of its reasonable fees in litigating the issue of Defendants' contempt and requested briefing from the Parties. *See id.* On June 30, 2022, Plaintiff timely filed the instant Motion. *See* Mot.

## LEGAL STANDARD

The Court calculates a reasonable fee award using a two-step process. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Second, the court must decide whether to enhance or reduce the lodestar figure based on an evaluation of the *Kerr* [*v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992),] factors that are not already subsumed in the initial lodestar calculation." *Fischer*, 214 F.3d at 1119 (citing *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996)).

///

# ANALYSIS

Plaintiff seeks to recover $111,684.00 in attorneys' fees incurred in pursuing the contempt proceedings against Defendants. *See* ECF No. 168-1 ("Mot. Mem.") at 9. In addition, Plaintiff seeks to recover costs in the amount of $15,414.17. *Id*. Defendants challenge Plaintiff's fee submission on the grounds that (i) the amount sought is unreasonable for the purpose of obtaining $100,000 in sanctions, and (ii) the Court should give primary consideration to the amount of damages awarded as compared to the amount of damages sought, which Defendants contend was only "1.67% of the requested amount." Opp'n at 2–3. Based on these objections, Defendants request that the fees should be reduced to an amount between $10,000 and $15,000. *See id.* at 3.

## I. Attorneys' Fees

### A. Lodestar Figure

#### 1. Reasonableness of Hourly Rates

"[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[T]he relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.2d 496, 500 (9th Cir. 1997)). "[A]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (second and third alterations in original) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). The Court may also consider cases setting reasonable rates during the time period in which the fees in the present action were incurred, *see Camacho*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003)), which—in this case—is between July 2021 and June 2022. *See* Mot. Mem. at 4–5; Second Declaration of Shauna M. Wertheim in Support of Plaintiff's Motion

("2d Wertheim Decl.," ECF No. 168-2) ¶ 8; *see also Bell*, 341 F.3d at 869 (holding that district court abused its discretion in applying "market rates in effect more than two years *before* the work was performed") (emphasis in original). "Once the fee applicant has proffered such evidence, the opposing party must produce its own affidavits or other evidence to rebut the proposed rate." *Cortes v. Metro Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005) (citing *Phelps Dodge Corp.*, 896 F.2d at 407). If the fee target fails to dispute the market rate with countervailing evidence, a court is permitted to presume the requested rates are reasonable. *See U.S. v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105–06 (9th Cir. 2015) (citations omitted).

Here, Plaintiff seeks approval of the following hourly rates for Plaintiff's counsel and paraprofessionals: $400 for Shauna M. Wertheim, a Partner, a Co-Managing Member, and the head of Marbury Law Group, PLLC's ("Marbury") Litigation Practice, with over 36 years of experience; $320 for Timothy W. Johnson, an attorney with 11 years of experience; $260 for Joanna L. Cohn, an attorney with 12 years of experience; and $110 for Rose A. Harvey, a Senior Litigation Paralegal with over 25 years of experience. *See* Mot. Mem. at 5–6 (citing 2d Wertheim Decl. ¶¶ 9, 11–14). Marbury specializes in intellectual property. *See* Mot. Mem. at 5, 6.

Plaintiff asserts these hourly rates are "reasonable and well within the hourly rates of similarly skilled attorneys," 2d Wertheim Decl. Ex. 1 (Declaration of Shauna M. Wertheim in Support of Award of Damages ("1st Wertheim Decl.," ECF No. 168-3) ¶ 8), "and in fact, fall below the rates for the markets relevant to this case, namely, the California and Washington, DC markets," Mot. Mem. at 6–7. Plaintiff notes that its counsel's rates "are well within the range of rates identified in the *American Intellectual Property Law Association* ("*AIPLA*") *2021 Report of the Economic Survey* ("AIPLA 2021 Survey")," *id.* at 6; *see also* 2d Wertheim Decl. Ex. 3, and that this Court has previously used AIPLA survey data "to determine reasonable fee rates in other intellectual property cases," *id.* at 7 (citing *Thermolife Int'l, LLC v. Myogenix Corp.*, Case No. 13-CV-651 JLS (MDD), 2018 WL 325025, at *3 (S.D. Cal. Jan. 8, 2018). Plaintiff also cites a prior decision from this

District approving rates similar to those Plaintiff seeks here to further support the reasonableness of the requested rates. *See* Mot. Mem. at 7 (citing *Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, Case No. 15cv1879-BEN (BLM), 2017 WL 2212029, at *3 (S.D. Cal. May 18, 2017) (finding hourly rates of $750 for an intellectual property partner with 25 years of experience, $550 for an intellectual property associate with 10 years of experience, $350 for an intellectual property associate with 4 years of experience, and $150 for an intellectual property paraprofessional with 19 years of experience were reasonable in the Southern District of California).

Given the Court's own familiarity with the San Diego legal market; the substantial and relevant intellectual property litigation experience of Plaintiff's counsel, *see* 2d Wertheim Decl. ¶¶ 9, 11–14; and the supporting evidence provided by Plaintiff, which Defendant fails to rebut with countervailing evidence, the Court agrees that the requested rates are eminently reasonable and in line with the prevailing market rates in this District for the relevant time period.

          *2.      Reasonableness of the Hours Expended*

"The party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 434. "The district court . . . should exclude . . . hours that were not 'reasonably expended'" and "hours that are excessive, redundant, or otherwise unnecessary." *Id.* "Overlitigation deemed excessive does not count towards the reasonable time component of a lodestar calculation," *Puccio v. Love*, No. 16-CV-02890 W (BGS), 2020 WL 434481, at *6 (S.D. Cal. Jan. 28, 2020) (citing *Tomovich v. Wolpoff & Abramson, LLP*, No. 08cv1428-JM (BLM), 2009 WL 2447710, at *4–5 (S.D. Cal. Aug. 7, 2009)), although the Ninth Circuit has also instructed that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Ultimately, "the [opposing party] bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged." *McGrath*, 67 F.3d at 255 (citing *Blum*, 465 U.S.

at 892 n.5; *Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995)). "[F]ail[ure] to offer either countervailing evidence or persuasive argumentation in support of [the fee target's] position" permits the district court to presume a properly supported fee application is reasonable. *$28,000.00 in U.S. Currency*, 802 F.3d at 1106–07 (citations and internal quotation marks omitted).

Here, Plaintiff seeks to recover fees for 321 hours billed over the nearly one-year period between July 28, 2021, and June 30, 2022, which were expended briefing and filing the Motion for Contempt, preparing for and attending the hearing thereon, preparing the Joint Status Report, briefing the motion in support of an award of contempt damages, and briefing the instant Motion. *See generally* 2d Wertheim Decl. Exs. 1, 2a & 2b (time records and invoices). Plaintiff has provided the Court with detailed redacted account statements for this matter that contain the billing entries for the hours claimed. *See generally id.* Plaintiff notes that the hours are underinclusive of the time actually expended in that "hours are unbilled for all the meetings between and among Marbury counsel, support staff, and the client to stay current with the status of the case, discuss strategy, and for other discussions between counsel to ensure proper representation." Mot. Mem. at 8.

"[D]efendant[s] ha[ve] not come forward with affidavits contesting the reasonableness of the . . . hours expended." *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987). Rather, Defendants challenge Plaintiff's fee submission on the ground that the amount sought is unreasonable given that Plaintiff obtained only $100,000 in sanctions— less than the requested fees. Opp'n at 2–3. Defendants also argue the Court should give primary consideration to the damages awarded ($100,000) compared to the damages sought ($6 million). *See id.* Defendants thus ask that the requested fees be reduced to an amount between $10,000 and $15,000. *See id.* at 3. In reply, Plaintiff argues that Defendants' argument is unsupported by either the law or the facts of the present case. *See generally* Reply.

/ / /

/ / /

The Court has reviewed the detailed time records submitted by Plaintiff and concludes that the hours expended by Plaintiff's counsel and paraprofessional generally were reasonable and not excessive, redundant, or otherwise unnecessary. The number of hours expended to investigate the infringement, brief three motions (for contempt, for sanctions, and for fees), draft a substantive status report, and prepare for and attend an evidentiary hearing appears reasonable. The only hours the Court deems unbillable to a client, and therefore excludable from the award of fees, are the hours from April 11 and 12, 2022, expended by Ms. Wertheim "[r]espond[ing] to client inquiries regarding budget, costs, trial schedule" and "budget[ing] for next several months." *See* 2d Wertheim Decl. Ex. 2a at 62. Because the last entry is block-billed and cannot be separated from the otherwise allowable task of "[s]trategiz[ing] contempt briefing," the Court finds it proper to exclude both entries in full, resulting in the deduction of a total of 5.1 hours from Ms. Wertheim's time. Thus, the Court finds 315.9 hours spent by Plaintiff's counsel litigating the issue of Defendants' contempt reasonable.

Accordingly, the Court calculates the lodestar figure as follows:

| Timekeeper | Reasonable Rate × | Reasonable Hours = | Fee |
|---|---|---|---|
| Shauna M. Wertheim | $400 | 181.5 – 5.1 = 176.4 | $70,560.00 |
| Timothy W. Johnson | $320 | 57.3 | $18,336.00 |
| Joanna L. Cohn | $260 | 80.0 | $20,800.00 |
| Rose A. Harvey | $110 | 2.2 | $242.00 |
| **Total** | --- | 315.9 | **$109,938.00** |

B. *Kerr* Factors

"[I]n appropriate cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr*." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *D'Emmanuele v. Montgomery Ward & Co.*, 904 F.2d

///
///

1379, 1383 (9th Cir. 1990), *overruled on other grounds by Dague*, 505 U.S. 557). The *Kerr* factors are:

> (1) the time and labor required[;] (2) the novelty and difficulty of the questions involved[;] (3) the skill requisite to perform the legal service properly[;] (4) the preclusion of other employment by the attorney due to acceptance of the case[;] (5) the customary fee[;] (6) whether the fee is fixed or contingent[;] (7) time limitations imposed by the client or the circumstances[;] (8) the amount involved and the results obtained[;] (9) the experience, reputation, and ability of the attorneys[;] (10) the 'undesirability' of the case[;] (11) the nature and length of the professional relationship with the client[;] and (12) awards in similar cases.

526 F.2d at 70. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel Corp.*, 6 F.3d at 622 (citing *D'Emanuele*, 904 F.3d at 1383). While the court may rely on any of these factors to increase or decrease the lodestar figure, there is a "'strong presumption' that the lodestar is the reasonable fee." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir.2009) (quoting *City of Burlington*, 505 U.S. at 562); *accord Harman v. City & Cnty. of San Francisco*, 158 Cal. App. 4th 407, 416 (2007).

Here, Plaintiff does not seek any adjustment to its requested fees based on the *Kerr* factors, *see generally* Mot., and, although Defendants filed an Opposition, Defendants failed explicitly to address the *Kerr* factors, *see generally* Opp'n. The Court therefore concludes in its discretion that the lodestar amount of $109,938.00 should not be reduced on the basis of the *Kerr* factors.

**II.   Costs**

This Court already determined that Plaintiff is entitled to its "reasonable costs" in pursuing the contempt proceedings against Defendants and ordered Plaintiff to brief the issue. *See* Order at 9. In accordance with the Order, Plaintiff now requests costs in the amount of $15,414.17. *See* Mot. Mem. at 9. Plaintiff provides the Court with detailed invoices itemizing the costs incurred in pursuing Defendants' contempt, including such

items as the purchase of evidence, fees for obtaining state records, shipping costs, transportation costs, consulting services, interpreting fees, and per diems. *See generally* 2d Wertheim Decl. Ex. 2b; 1st Wertheim Decl. Exs. 2a–2d.

Defendants and Plaintiff disagree about the reasonableness of the costs Plaintiff seeks. Defendants allege that 10% or less of the requested amount would be appropriate and that a call for temperance should be heeded given that it was unreasonable to expend the total amount requested by Plaintiff for the purpose of obtaining $100,000 in sanctions. Opp'n at 2–3. As a general rule, however, "[r]easonable out-of-pocket expenses normally charged to a client may be recoverable as attorney fees even if not taxable pursuant to 28 U.S.C. § 1920, so long as those expenses are customarily charged to the client." *Partners for Health & Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 440 (C.D. Cal. 2012) (citations omitted), *aff'd*, 671 F. App'x 475 (9th Cir. 2016).

Here, the Court finds the costs requested by Plaintiff to be reasonable and of the type typically recoverable in litigation. *See, e.g.*, *id.* at 440–41 ("Service of the summons and complaint, photocopying and document processing costs, postage, messenger and delivery costs, travel costs, investigators, deposition-related expenses, and telephone charges are recoverable costs."). For example, the requested travel costs economically included coach/economy airfare and ridesharing costs and were necessarily incurred to attend the contempt hearing; the lodging costs, while not necessarily at or below the U.S. General Services Administration's per diem rates for the applicable fiscal year and ZIP code,[1] were reasonable given the hotel's proximity to the courthouse and the necessity of attending the contempt hearing; and the shipping costs and consulting/investigative service fees are within the realm of what the Court finds reasonable and recoverable.

/ / /

/ / /

---

[1] *See* U.S. Gen. Servs. Admin., "Per Diem Rates," *available at* https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited Sept. 22, 2022).

Moreover, while this District's Civil Local Rules specify that the cost of purchasing infringing devices in patent cases is not recoverable, *see* S.D. Cal. CivLR 54.1(c), the Court finds the cost of said purchases recoverable in this non-patent matter given (i) that said costs were charged to the client as disbursements, *see* 2d Wertheim Decl. Ex. 2b at 76, 86; and (ii) the fact that other courts have awarded such costs as part of investigative costs in trademark infringement litigation, *see, e.g.*, *SAS v. Sawabeh Info. Servs. Co.*, No. CV1104147MMMMANX, 2015 WL 12763541, at *36 (C.D. Cal. June 22, 2015) (finding award of investigator's fees, including purchase of infringing goods, reasonable). As in *SAS*, the infringing goods purchased by Plaintiff's investigator were critical to the contempt finding in this matter, and thus the cost of obtaining those goods was reasonably necessary to the prosecution of the contempt proceedings.

Finally, the Court finds the interpreting services costs for the contempt hearing, including the $975.00 cancellation fee, reasonable. *See* 1st Wertheim Decl. Ex. 2c at 44. Again, this fee was charged to the client as a disbursement, *see* 2d Wertheim Decl. Ex. 2b at 100, and other courts have found similar cancellation fees to be necessarily incurred and therefore recoverable, *see, e.g.*, *Luther v. Ouro Do Brasil*, No. 8:09-CV-2267-T35-TGW, 2013 WL 12156321, at *3 (M.D. Fla. Jan. 24, 2013) (awarding $500.00 deposition cancellation fee as recoverable cost); *Outten v. Cap. Mgmt. Servs., L.P.*, No. 09-22152-CIV, 2011 WL 13269559, at *9 (S.D. Fla. Feb. 7, 2011) (recommending award of $1,200.00 video deposition cancellation fee).

Accordingly, having reviewed the requested costs with a critical eye and having found them to be reasonable and recoverable, the Court awards Plaintiff its requested costs in the amount of $15,414.17 in full.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** Plaintiff's Motion for Attorneys' Fees (ECF No. 168) and **AWARDS** Plaintiff attorneys' fees in the amount of $109,938.00 plus costs in the amount of $15,414.17, for a total award of $125,352.17. The Court further **SETS** a status hearing for 1:30 p.m. on Thursday, October 27, 2022, in

1 Courtroom 4D of the Edward J. Schwartz Courthouse, to discuss how the Parties wish to
2 proceed with this matter.
3     **IT IS SO ORDERED.**
4 Dated: October 13, 2022

                                                    Hon. Janis L. Sammartino
                                                    United States District Judge